[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 228.]

COSBY, APPELLEE, *v*. COSBY, APPELLANT, ET AL.

[Cite as *Cosby v. Cosby*, 2002-Ohio-4170.]

*State Teachers Retirement System—Death of contributor—Beneficiaries—Court may not impose a constructive trust upon the State Teachers Retirement System survivor benefits of a surviving spouse in favor of a former spouse who claims entitlement based on an award of retirement benefits in a divorce decree.*

(No. 2001-0659—Submitted April 9, 2002—Decided August 28, 2002.)

APPEAL from the Court of Appeals for Butler County, No. CA99-11-192, 2001-Ohio-4205.

_____

LUNDBERG STRATTON, J.

{¶1} The issue before us is whether a court may impose a constructive trust upon the State Teachers Retirement System ("STRS") survivor benefits of a surviving spouse in favor of a former spouse who claims entitlement based on an award of retirement benefits in a divorce decree. We find that a constructive trust is an inappropriate remedy that is contrary to the statutory mandate of the STRS to pay survivor benefits to a qualified surviving spouse when no retirement benefits have vested. Consequently, we reverse the judgment of the court of appeals.

{¶2} In 1989, appellee Faye Cosby and Carel Cosby divorced. The judgment and divorce decree that terminated the marriage also provided for Faye to receive a portion of Carel's retirement fund upon his retirement:

{¶3} "Upon the retirement of the plaintiff, the plaintiff will receive Sixty (60%) Percent of his State Teacher's Retirement Fund; and the defendant will receive Forty (40%) Percent of said retirement fund. AND IT IS FURTHER

ORDERED that the plaintiff will guarantee that the defendant receive at least One Thousand ($1,000.00) Dollars per month from said retirement."

**{¶4}** Carel Cosby remarried and continued to work and contribute to STRS until he died in 1997. Although he qualified for retirement, he did not apply for or receive retirement benefits. His surviving spouse, appellant Bonnie Cosby, qualified as the statutory beneficiary of STRS survivor benefits payable under former R.C. 3307.48 (144 Ohio Laws, Part IV, 6235) and 3307.49 (146 Ohio Laws, Part I, 2026), now R.C. 3307.562 and 3307.66.

**{¶5}** Appellee Faye Cosby filed this action, claiming that Bonnie Cosby had been unjustly enriched by at least 40 percent of the STRS benefits she has received and will receive in the future to the detriment of Faye Cosby. Faye Cosby asked the trial court to impose a constructive trust on her behalf and to order Bonnie Cosby to turn over 40 percent of the STRS benefits. She also named STRS as a defendant and asked the court to require STRS to pay to her any funds remaining in its possession that had not yet been paid to Bonnie Cosby.

**{¶6}** The trial court dismissed STRS with prejudice, finding that the complaint failed to state a claim against it upon which relief could be granted because the STRS's duty was statutory and it had no contractual obligation to Faye Cosby. After a bench trial, the court held that the award in the divorce decree was unambiguous and was triggered only by Carel Cosby's retirement. Because he did not retire, there was no basis for Faye Cosby to recover under the divorce decree. The trial court dismissed with prejudice the complaint against Bonnie Cosby.

**{¶7}** The court of appeals reversed and remanded to the trial court to enter judgment in favor of plaintiff Faye Cosby. The appellate court reasoned that Faye Cosby's percentage of the retirement account was part of the division of marital property and should be construed in accordance with the law governing division of marital property and that the parties' intent was not dispositive. The court concluded that Carel Cosby could not give to Bonnie Cosby property that the

2

domestic relations court had previously awarded to his former spouse. Consequently, the court deemed it unconscionable for Bonnie Cosby to retain the entire benefit, and ruled that Bonnie had been unjustly enriched and that equity supported the creation of a constructive trust in favor of Faye Cosby.

{¶8} The dissenting judge, referring to the benefits at issue as "death" benefits, stated that they are not the equivalent of retirement benefits under STRS. He reasoned that a constructive trust was inappropriate because Carel Cosby's pension benefits never vested, citing R.C. 3307.42. Bonnie Cosby was the statutory beneficiary who was entitled to receive the STRS benefits under R.C. 3307.562, he concluded.

{¶9} This cause is before this court on allowance of a discretionary appeal.

{¶10} We begin by examining the STRS. The STRS is the statutorily created public retirement system for public school teachers in Ohio, and as a government retirement system, it is exempt from federal ERISA requirements. Section 1003(b)(1), Title 29, U.S.Code; R.C. Chapter 3307. STRS membership is composed of teachers who are employed in a public school system. The system is funded by its members, who must contribute a portion of their salaries to the system. R.C. 3307.26 (formerly 3307.51, 144 Ohio Laws, Part II, 2089). The STRS is administered and implemented according to statute.

{¶11} STRS pays various statutorily mandated benefits to retired members, their surviving spouses, and other qualified dependents. R.C. 3307.58 (formerly 3307.38) requires STRS to pay a pension to members who qualify and then apply for retirement benefits. Id. The benefits do not vest until STRS grants the retirement. R.C. 3307.42 (formerly 3307.711, 126 Ohio Laws 1077); see, also, *State ex rel. Horvath v. State Teachers Retirement Bd.* (1998), 83 Ohio St.3d 67, 697 N.E.2d 644.

{¶12} If a member dies before retiring, no retirement benefits will vest and no contractual right to retirement benefits will arise. R.C. 3307.42; see *Horvath*.

3

However, the right to a survivor benefit arises in the deceased member's designated beneficiary. R.C. 3307.562 and 3307.66 (formerly 3307.48 and 3307.49). If the member has not expressly designated a beneficiary, then the surviving spouse at the time of the member's death is the first person who is statutorily entitled to the survivor benefit. R.C. 3307.562(C)(1). A member's divorce automatically revokes the designation of a former spouse as a beneficiary. R.C. 3307.562(B).

{¶13} The court below referred to the STRS survivor benefits at issue as a death benefit. This is incorrect. Payment of a death benefit is made after a member dies while receiving STRS retirement benefits. R.C. 3307.661 (formerly 3307.40, 144 Ohio Laws, Part II, 2077) and 3307.392. When that occurs, STRS will pay a death benefit consisting of a one-time lump-sum payment to a qualified beneficiary. Id.

{¶14} Faye Cosby bases her claim upon the divorce decree, which awarded her a percentage of her former husband's STRS retirement fund "[u]pon the retirement" of her husband. There was evidence before the trial court that attorneys for the parties in the divorce action did not contemplate Carel Cosby's death prior to retirement. Therefore, Faye contends that the intent was to provide her with a portion of the retirement funds whether Carel retired or died prior to retirement. She acknowledges the statutory distinction between retirement and survivor benefits; however, she claims that the distinction is irrelevant for purposes of the intent of the parties in the divorce to vest in her a portion of the STRS account.

{¶15} Bonnie Cosby contends that STRS retirement benefits are separate and distinct from the STRS survivor benefits that she is receiving. This position was further emphasized by the Attorney General, who filed a brief on behalf of amicus curiae STRS, as well as four other public retirement systems.[1] According

---

1. The amici curiae include the Public Employees Retirement System of Ohio, the School Employees Retirement System of Ohio, the Ohio State Highway Patrol Retirement System, and the Ohio Police and Fire Pension Fund.

to amici, Ohio's public retirement systems, including STRS, can pay benefits only as expressly authorized by statute. *Erb v. Erb* (1996), 75 Ohio St.3d 18, 22, 661 N.E.2d 175. Because Carel Cosby died prior to retirement, his retirement benefits did not vest. STRS is statutorily prohibited from paying retirement benefits until a member has actually retired. Id.

{¶16} However, STRS was obligated to pay survivor benefits to Carel Cosby's surviving spouse under R.C. 3307.562. Even if Carel Cosby had designated Faye Cosby as beneficiary for those benefits, that designation would have been automatically revoked as a result of the divorce. R.C. 3307.562(B). Consequently, Bonnie Cosby became entitled to her husband's survivor benefits pursuant to R.C. 3307.562(C)(1) as his surviving spouse. According to amici, she is the only lawful beneficiary to these benefits under Ohio law.

{¶17} The appellate court's analysis blurred the statutory distinction between retirement and survivor benefits. Instead of the statutory requirements, the court focused on what it believed was the intent of the parties in the divorce action to provide for Faye Cosby from her ex-spouse's STRS fund. The appellate court fashioned an equitable remedy in the form of a constructive trust to reach the STRS funds in order to afford Faye relief. A constructive trust is an equitable remedy that may be used " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest.' " *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 225, 9 OBR 565, 459 N.E.2d 1293, quoting *Beatty v. Guggenheim Exploration Co*. (1919), 225 N.Y. 380, 386, 122 N.E. 378.

{¶18} However, the appellate court failed to examine the statutory nature of the STRS benefits. In the divorce decree, Faye Cosby was awarded a portion of her former spouse's *retirement* benefits. Those benefits never vested. Instead, upon the death of Carel Cosby, STRS was required to pay *survivor* benefits to Bonnie Cosby.

**{¶19}** STRS benefits are governed exclusively by statute. Bonnie Cosby, as the qualified statutory beneficiary of Carel Cosby's STRS account, is currently receiving or has received survivor benefits under R.C. 3307.562. The court of appeals' decision imposing a constructive trust over a portion of Bonnie Cosby's benefits for the benefit of Faye Cosby is contrary to the statutory mandates of STRS. While we sympathize with Faye Cosby's situation, we are bound by the statutory mandates of the STRS and cannot ignore their requirements. Although we may not like the result, a different solution lies only with the General Assembly. Consequently, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed.

MOYER, C.J., and F.E. SWEENEY, J., concur.

COOK, J., concurs in judgment.

DOUGLAS, J., dissents.

RESNICK and PFEIFER, JJ., dissent.

———————————

**ALICE ROBIE RESNICK, J., dissenting.**

**{¶20}** The majority expresses sympathy for Faye Cosby's plight but nevertheless asserts that it is limited by the statutory mandates of the State Teachers Retirement System ("STRS") and therefore overturns the judgment of the court of appeals that a constructive trust be imposed. This case does not present a straightforward exercise in statutory construction but must be considered in light of its specific facts. The constructive-trust doctrine, with its origins in equity, is especially well suited to provide relief in just such a situation as is presented in this case. Finding that the court of appeals was correct in determining that a constructive trust is appropriate on these facts, I would affirm the judgment of that court.

**{¶21}** The relevant provision in the divorce decree terminating the marriage of Faye Cosby and Carel Cosby states, "Upon the retirement of the plaintiff [Carel Cosby], the plaintiff will receive Sixty (60%) Percent of his *State Teacher's Retirement Fund;* and the defendant will receive Forty (40%) Percent of said *retirement fund*. AND IT IS FURTHER ORDERED that the plaintiff will guarantee that the defendant receive at least One Thousand ($1,000.00) Dollars per month from said *retirement*." (Emphasis added.)

**{¶22}** An examination of this provision reveals that the parties in the divorce were splitting Carel Cosby's "retirement fund" or retirement account. References to the "retirement fund" show that that term was used in a generic way to specify that *whatever* STRS benefits were to go to Carel Cosby would be split 60-40 at the time those benefits were received. It is evident that any STRS benefits, no matter how characterized, were within the contemplations of the parties in providing for this division.

**{¶23}** "Retirement" in the sense in which it was used is not the strict technical statutory definition contained in the STRS statutes but is a general term meant to encompass *any* STRS benefits, including the survivor benefits that are at issue. Therefore, it is not dispositive that Carel Cosby's retirement benefits never vested pursuant to R.C. 3307.42. The majority focuses on the statutory terms entirely too much and misses this essential point.

**{¶24}** Contrary to appellant Bonnie Cosby's arguments, a constructive trust can be imposed even when there is no indication of wrongdoing by anyone. This court has recognized that although a constructive trust is most often imposed as a remedy for fraudulent conduct, "a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud." *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 226, 9 OBR 565, 459 N.E.2d 1293.

**{¶25}** The brief filed by the Attorney General on behalf of amicus curiae STRS and the other state retirement systems reveals that Carel Cosby had not designated a beneficiary for his survivor benefits, so that Bonnie Cosby automatically became the recipient of those benefits as his surviving spouse pursuant to R.C. 3307.562(C)(1). However, if Carel Cosby had designated a beneficiary in accordance with R.C. 3307.562(B) (former R.C. 3307.48, 144 Ohio Laws, Part IV, 6235), it appears that he could have specifically provided that Faye Cosby would receive 40 percent of his survivor benefits. Furthermore, if Faye Cosby had been designated as a 40-percent beneficiary *after* Carel Cosby married Bonnie Cosby, the automatic revocation provision regarding a former spouse contained within R.C. 3307.562(B) would have been overridden. Of course, Carel Cosby did not take this action. Imposition of a constructive trust in these circumstances is necessary to carry out the mutually expressed intention of Carel Cosby and Faye Cosby as incorporated in their 1989 divorce decree.

**{¶26}** The equities favor the imposition of a constructive trust. Faye Cosby and Carel Cosby were married for 37 years. As the court of appeals recognized, the STRS benefits of Carel Cosby were accumulated as a product of the joint efforts of Carel Cosby and Faye Cosby during their marriage. When the marriage concluded, these interests were included within the property settlement. Carel Cosby gave up something (and Faye Cosby received something) in the divorce, but according to the majority, as it turns out in the end, Faye Cosby receives nothing and Bonnie Cosby gets it all, despite the obligations that Carel Cosby undertook in the divorce decree.

**{¶27}** The court of appeals believed that it is unconscionable for Bonnie Cosby to retain all of Carel Cosby's STRS benefits, and that Bonnie Cosby is unjustly enriched by her retention of the entire amount. Because I fully agree with the essential reasoning of the court of appeals, I dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____

Fred Miller, for appellee.

John M. Holcomb, for appellant.

Betty D. Montgomery, Attorney General, and Christopher S. Cook, Assistant Attorney General, for amici curiae State Teachers Retirement System, the Public Employees Retirement System of Ohio, the School Employees Retirement System of Ohio, the Ohio State Highway Patrol Retirement System, and the Ohio Police and Fire Pension Fund.

_____