{¶ 22} I respectfully dissent from the decision of the majority because I believe that the domestic relations court lacked jurisdiction to impose a post-decree lump sum judgment for spousal support.
{¶ 23} R.C. 3105.18(E) states that a domestic relations court "does not have jurisdiction to modify the amount or terms of (an) alimony or spousal support" award in a decree of dissolution entered after January 1, 1991, absent "a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support" set out in the separation agreement that was approved by the court and incorporated into the decree. Here, there was no such authorization. Indeed, the separation agreement specifically prohibits modification.
{¶ 24} R.C 3105.18(E) was enacted pursuant to Article IV, Section4(B) of the Ohio Constitution, which confers on the General Assembly the power to determine the jurisdiction of the courts of common pleas and its divisions. The judicial power, which is conferred on the courts by Article IV, Section 1, preserves to the courts an inherent authority to do all things necessary to the administration of justice and to protect their own powers and processes. Nevertheless, the jurisdiction of the courts, which pertains to the claims for relief it can determine, is necessarily governed by legislative enactment. Mattone v. Argentina
(1931), 123 Ohio St. 393.
{¶ 25} This matter came before the domestic relations court on a post-decree motion that Norma filed, asking the court to order Jim to show cause why he had failed to pay the full amount of the spousal support award ordered in the decree. The court had jurisdiction to grant the relief that Norma requested, to order Jim to show cause why he acted as he did, but in so doing it could not also modify the amount or terms of the spousal support it had ordered.
{¶ 26} The separation agreement incorporated in Jim and Norma's decree of dissolution required Jim to pay $183 per week on their Chapter 13 bankruptcy plan until the plan was completed, as and for spousal support. The purpose of the spousal support award was to permit Norma to keep the truck she'd been awarded as marital property. Completion of that plan became impossible when Jim filed his own Chapter 7 bankruptcy petition and Norma was unable to complete the Chapter 13 plan alone. The truck was then repossessed.
{¶ 27} Jim's conduct no doubt frustrated the property division to which the parties had agreed. It did that by extinguishing the bankruptcy plan Jim was ordered to complete as a spousal support obligation. I do not agree that, as a result, the court was authorized to enter a judgment against him for $14,358.59, which is the full amount of his obligation had the Chapter 13 plan been completed. Two reasons support this view.
{¶ 28} First, Jim's obligation was plainly anchored in the Chapter 13 plan and was contingent on its completion. When its completion became impossible, Jim's obligation was extinguished. Norma agreed to that contingency. She could have instead insisted that Jim pay the $183 directly to her. In that event, Jim's obligation would continue irrespective of whether the Chapter 13 plan was completed. Neither would Jim's Chapter 7 filing then affect his obligation. However, Norma waived that option when she agreed to spousal support on these terms.
{¶ 29} Second, converting Jim's obligation to a $14,358.89 judgment in favor of Norma clearly changes both the amount and terms of his spousal support obligation. R.C. 3105.18(E) prohibits that form of modification in this circumstance. The court might have done that had Jim been ordered to make the $183 payment directly to Norma for a fixed term and failed to do so. However, that's not what the parties agreed to, and not what the court had ordered.
{¶ 30} Judge Brogan relies on our decision in Leis v. Leis (Sept. 20, 1995), Miami App. No. 94CA54, to hold that the modification the court ordered was within its inherent powers. Leis involved division of marital property, not spousal support, and thus was not governed by the express jurisdictional limitations by R.C. 3105.18(E). In Leis, the court divided the parties' lottery prize but the Lottery Commission refused to comply with the court's order that it pay half to each former spouse directly. The court's subsequent order requiring the former husband to pay the former wife her share did not modify the amount or terms of a spousal support order. It merely enforced a division of property the court had previously ordered, and which per R.C. 3105.171(B) it was mandated to order. That's not the case with spousal support, which is wholly discretionary and, at least in this instance, was to be paid on terms to which the parties had agreed.
{¶ 31} Judge Brogan would also apply the doctrine of judicial estoppel, based on Jim's stipulation in the bankruptcy proceeding that he owed $14,358.89 in spousal support. However, equity cannot confer jurisdiction that a court is denied by statute, and estoppel is an equitable doctrine.
{¶ 32} It may be that Jim had these opportunities in mind when he and Norma entered into their separation agreement. Whether that amounts to sharp dealing, or even bad faith, it cannot confer jurisdiction on the court which it is expressly denied by R.C. 3105.18(E). The General Assembly plainly intended to prohibit modifications of this kind when it enacted that section. As the Supreme Court recently recognized, statutory prohibitions limit the equitable powers of the courts, even when those powers are employed to fulfill the purposes of a bargain between former spouses since made impossible by subsequent events. See Cosby v. Cosby,96 Ohio St.3d 28, 2002-Ohio-4170.
{¶ 33} I would reverse.