DECISION AND JUDGMENT JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Common Pleas Court summary judgment in favor of Nettie M. Schrader, defendant below and appellee herein, on claims brought against her by Mary Alice Schrader, plaintiff below and appellant herein.
 {¶ 2} The following errors are assigned for review:
 {¶ 3} First assignment of error:
 {¶ 4} "The lower court erred in relying on Cosby v. Cosby (2002) 96 Ohio St.3d 228 to grant the appellee summary judgment."
 {¶ 5} Second assignment of error:
 {¶ 6} "The holding of cosby is not applicable to the appellant's breach of contract claim."
 {¶ 7} Third assignment of error:
 {¶ 8} "The lower court erred by its failure to find that the appellee owes a contractual duty to the appellant by virtue of the divorce decree and the resulting third party beneficiary contract."
 {¶ 9} Appellant and Thomas Schrader married on June 8, 1970 and two children, both of whom are now emancipated, were born as issue of that marriage. On May 4, 2000, the court granted the couple's divorce on grounds of incompatibility. The divorce decree provided, inter alia, that their marital residence would be sold, that they would divide the net proceeds from the sale, and that appellant was entitled to $58,000 from her husband's Public Employee Retirement System (PERS) account.[1] The decree further directed Schrader to designate his ex-wife as a beneficiary on his PERS account for that amount and further specified that in the event he failed to do so, appellant would have a claim against his estate in that amount.
 {¶ 10} Apparently, the marital home was not sold and appellant was not designated as a beneficiary on the PERS account. Thomas Schrader later married appellee and died on November 29, 2001. The one-half interest in the home he previously shared with his ex-wife passed to his widow. Appellant filed a claim against her ex-husband's estate for the amount of the PERS account to which she was entitled under the divorce decree, but his estate wound up insolvent and the claim was not satisfied.
 {¶ 11} Appellant commenced the instant action to seek a partition of the former marital residence. Appellant also attempted to recover the PERS money owed to her by Thomas Schrader and asserted against his widow claims for breach of contract and unjust enrichment. Appellant requested $58,000 in compensatory damages from appellee in addition to attorney fees, pre-judgment interest and post-judgment interest. Appellee admitted that she and appellant were co-owners of the property, but denied that she was liable to appellant for any monies in relation to the decedent's pension. Appellee also counterclaimed and asked for partition of the property.
 {¶ 12} On December 20, 2002, the trial court issued a judgment of partition. The court ultimately ordered the property to be sold and appellee filed an election to take the property at its appraised value of $33,000. The trial court entered judgment on November 13, 2003 and directed appellee to pay to the court one-half of the amount and provided for the distribution of proceeds.[2]
 {¶ 13} On August 21, 2003, appellee moved for summary judgment on appellant's remaining claims. Appellee argued that no genuine issues of material fact existed with regard to those claims and that she was entitled to judgment as a matter of law. Specifically, appellee argued that appellant could not recover from her for violation of the 2000 divorce decree because she was not a party to that instrument and, in any event, recovery against her is barred by the Ohio Supreme Court decision inCosby v. Cosby, 96 Ohio St.3d 228, 773 N.E.2d 516,2002-Ohio-4170.
 {¶ 14} Appellant filed a memorandum in opposition and argued that the 2000 divorce decree imposed a contractual obligation on her ex-husband and that obligation is binding on his heirs as well. She argued that the Cosby case is distinguishable because it did not involve such contractual obligations. Thus, appellant concluded, she was entitled to recover the PERS money from her ex-husband's widow. On October 7, 2003, the trial court granted judgment for appellee. In so doing, the court noted that "[t]his unfortunate result is dictated by the Cosby v. Cosby decision." This appeal followed.[3]
 I {¶ 15} Before we address the assignments of error on their merits, we pause to address the standard of review. This case involves the appeal of a summary judgment. It is well settled that appellate courts review summary judgments de novo. Broadnaxv. Greene Credit Service (1997), 118 Ohio App.3d 881, 887,694 N.E.2d 167; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,41, 654 N.E.2d 1327; Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107, 614 N.E.2d 765. In other words, we afford no deference to the trial court's decision, see Hicks v.Leffler (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777;Dillon v. Med. Ctr. Hosp. (1993), 98 Ohio App.3d 510, 514-515,648 N.E.2d 1375; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-412, 599 N.E.2d 786, and conduct our own review to determine if summary judgment is appropriate. Woods v. Dutta (1997),119 Ohio App.3d 228, 233-234, 695 N.E.2d 18; Phillips v. Rayburn
(1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279; McGee v.Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241,659 N.E.2d 317.
 {¶ 16} Summary judgment under Civ.R. 56(C) is appropriate when the movant can demonstrate that (1) there are no genuine issues of material fact, (2) it is entitled to judgment in its favor as a matter of law, and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the opposing party; said party being entitled to have the evidence construed most strongly in their favor. Zivich v. Mentor SoccerClub, Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201; Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46.
 {¶ 17} It is the party who moves for summary judgment that bears the initial burden of showing that no genuine issue of material fact exist and that the moving party is entitled to judgment in its favor as a matter of law. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Once that burden is met, the onus shifts to the non-moving parties to provide evidentiary materials in rebuttal. Trout v. Parker
(1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; CampcoDistributors, Inc. v. Fries (1987), 42 Ohio App.3d 200, 201,537 N.E.2d 661; Whiteleather v. Yosowitz (1983),10 Ohio App.3d 272, 275, 461 N.E.2d 1331.
 {¶ 18} We also note that some of the issues involve the interpretation of an Ohio Supreme Court case and other issues or questions of law. We likewise apply a de novo standard of review to those trial court rulings. Bell v. Horton, Ross App. No. 02CA2651, 2002-Ohio-7260, at ¶ 11; Yahraus v. Circleville (Jul. 31, 2001), Pickaway App. No. 01CA1; Adkins v. Massie (Mar. 12, 2001), Lawrence App. No. 99CA18. With these principles in mind, we turn our attention to the case at bar.
 II {¶ 19} We consider appellant's three assignments of error together because all involve the same question of whether the trial court correctly granted summary judgment in favor of the appellee. The trial court concluded, on the basis of Cosby,
supra, that the appellant had no cause of action against appellee for her ex-husband's PERS money. Appellant asserts that the court erred in that decision because the 2000 divorce decree created a third-party contract and that the appellant is the beneficiary. Appellant thus contends that Cosby does not apply to such contractual arrangements. We disagree with appellant's reading of the Cosby case and ultimately come to the same conclusion as the trial court.
 {¶ 20} The facts in Cosby are strikingly similar to the facts in this case. A husband and wife divorced in 1989 and the terms of the decree stated that the ex-wife was to receive forty percent (40%) of her ex-husband's retirement monies from State Teacher's Retirement System (STRS). The husband remarried and died before retirement. His second wife collected the statutory death benefit under STRS and the first wife brought suit and claimed that her ex-husband's widow was unjustly enriched by collecting the entire death benefit. Consequently, the first wife asked that a constructive trust be imposed for forty percent (40%) of the STRS benefit. The trial court ruled in favor of the widow. The court of appeals, however, reversed the trial court's judgment and found that the STRS death benefit was marital property divided under state law and that the deceased could not give to his new wife what had already been awarded to his ex-wife. Id. at ¶¶ 2-7.
 {¶ 21} The Ohio Supreme Court reversed the court of appeals and held that the divorce decree only affected retirement benefits. Because the decedent did not retire before he died, those benefits did not vest. His widow was, instead, receiving a death benefit payable to her by statute and that courts may not impose a constructive trust that would distribute that benefit contrary to statute. Id. at ¶¶ 15-19.[4] Although Cosby involved STRS, whereas the case sub judice involves PERS, we see no reason why the same principles would not apply here.
 {¶ 22} The record in the instant case is not particularly clear as to whether Thomas Schrader died before retirement. In her affidavit in support of summary judgment, appellee attested that the benefits she received from PERS were statutory "survivor's benefits" payable under R.C. 145.43.[5] This was sufficient for appellee to carry her initial burden on summary judgment. The burden then shifted to appellant to provide materials to show that this was not a survivor's benefit. We find no evidence to that effect in our review of the record. Thus, we agree with the trial court that the Cosby case controls and necessitates a ruling in favor of the appellee.
 {¶ 23} Appellant does not dispute the facts in this case so much as the applicability of Cosby to the facts in the case sub judice. First, she contends that this case differs from Cosby
because the 2000 divorce decree imposed a contractual duty on her ex-husband which was further extended to appellee by virtue of a provision which stated:
 {¶ 24} "Should husband take such action or inaction to the detriment of Wife, with respect to the PERS Plan, he shall be required to make sufficient payments direct to Wife to the extent necessary to neutralize the effects of his actions or [in]actions and to the extent of her full entitlements hereunder. Thisprovision shall be binding on Husband, his . . . heirs . . . andmay be enforced against his estate or any of the personsmentioned or entities herein mentioned." (Emphasis added.)
 {¶ 25} Appellant argues that, as a result of this provision of the divorce decree, "appellee owes a contractual duty [to her]" as a third party beneficiary. We, however, disagree for several reasons. First, the divorce decree did not create a contractual relationship between appellant and her ex-husband A judgment is not a contract, McCormick v. Alexander (1825),2 Ohio 65, 69, and thus does not create the same sort of obligations.
 {¶ 26} Second, even if the divorce decree was a contract, the appellee was not a party and cannot be held liable for its breach. Appellant counters by citing Priestman v. Elder (1994),97 Ohio App.3d 86, 89, 646 N.E.2d 234, for the proposition that a party may contractually bind heirs to pay money after his death. That case, however, dealt with a claim presented to an estate for payment. The Court held the claim was barred by the statute of limitations and need not be paid. That said, the court made no finding that the individual heirs were liable for payment of the claim as appellant would have us do in the case sub judice.[6]
 {¶ 27} Third, even if the divorce decree was a contract, appellant could not be a third party beneficiary because she was an actual party thereto. Appellant's cause of action for breach, if she had one, would be against her ex-husband — the other party to that instrument. The record suggests that appellant did make a claim against her ex-husband's estate for that breach, but the estate was insolvent and her claim was denied.
 {¶ 28} Finally, all these conceptual problems with basic contract principles aside, we find nothing in the Cosby case that prevents its application here simply because of the previously cited language in the divorce decree. The gist of the holding in Cosby is that divorce proceedings could not circumvent the statutory provisions for the distribution of death benefits from public pensions. 2002-Ohio-4170 at ¶¶ 15-19. That statement of public policy is the same regardless of the particular wording of the divorce decree.[7]
 {¶ 29} At this juncture we wish to note that we are not unsympathetic to appellant's plight. The Fairfield County Common Pleas Court, Domestic Relations Division, determined four years ago that she was entitled to $58,000 of her ex-husband's retirement account. Because he died prior to retirement, and because the law expressly provides for the payment of a survivor's benefit to the appellee in lieu of a retirement benefit, appellant will receive none of what she was originally entitled to recover.[8] As the majority noted in Cosby,
supra, we are constrained to apply the law as it is and any relief from this result must come from the Ohio General Assembly. 2002-Ohio-4170 at ¶ 19.
 {¶ 30} For these reasons, we find no merit in the assignments of error and they are accordingly overruled. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] The value of that account was $154,379.50 as of January of 2000.
[2] Appellee failed to follow through on the purchase and, on March 15, 2004, the trial court ordered the residence sold at public auction.
[3] We parenthetically note that the trial court's entry of partial summary judgment did not contain the "no just reason for delay language" of Civ.R. 54(B). This would ordinarily deprive us of jurisdiction, but the partition claim was finally determined on November 13, 2003 when the trial court filed an entry that ordered the distribution of proceeds after appellee elected to take the property. This was essentially a confirmation of the sale. It is well settled that the final orders in a partition action are the order of sale and the confirmation. See Gruger v.Koehler (Aug. 28, 2001), Mahoning App. No. 01CA16; Hall v.Walker (Aug. 24, 1990), Meigs App. No. 429. Once the partition claim was fully adjudicated, the October 7, 2003 summary judgment was final and appealable for purposes of R.C. 2505.02 thereby providing us jurisdiction to review this case pursuant to Section3(B)(2), Article IV of the Ohio Constitution. Although appellee later defaulted on her election, and the property was put back up for sale, this would be treated as a separate proceeding entirely — either as a summary application after judgment or as an order that sets aside or vacates a (previous) judgment. See R.C.2505.02(B)(2)(3).
[4] The statute at issue in Cosby was R.C. 3307.562(B) which required STRS to pay death benefits to the surviving spouse. 2002-Ohio-4170, at ¶ 16.
[5] The provisions of R.C. 145.43(B) state, inter alia, that "should a member die before age and service retirement, the member's accumulated contributions, any deposits for purchase of additional annuity, any payment the member has made to restore previously forfeited service credit as provided in section 145.31
of the Revised Code, and any applicable amount calculated under section 145.401 of the Revised Code, shall be paid to the person or persons the member has designated in writing duly executed on a form provided by the public employees retirement board, signed by the member, and filed with the board prior to the member's death. * * * The member's marriage, divorce . . . dissolution, legal separation, or withdrawal of account, or the birth of the member's child, or adoption of a child, shall constitute an automatic revocation of the member's previous designation." If a member dies before retirement, and does not designate a survivor, the surviving spouse is the first designated beneficiary. Id. at (C). This is the same sort of statute at issue in Cosby.
[6] We also parenthetically note that, to make the divorce decree binding on appellee when she was not a party to the divorce action and received neither notice nor an opportunity to be heard, would violate her procedural due process rights. SeeShiltz v. Shiltz (Mar. 16, 1982), Highland App. No. 453 (holding that both state and federal law are "legion" in enunciating the principle that due process requires notice and an opportunity to be heard).
[7] For the same reason, we also reject appellant's argument that Cosby is distinguishable because that case referred to a pension "fund" or "benefit" whereas the divorce decree in this case referred to a pension "account." The particular wording in that decision is irrelevant. What is relevant is the general statement of public policy by the Ohio Supreme Court that survivor death benefits, the payment of which is directed by statute, cannot be circumvented in divorce proceedings.
[8] We hasten to add, however, that appellee has done nothing wrong in this case and is not responsible for the failure of the terms of her deceased husband's 2000 divorce decree. Thus, while we may sympathize with appellant for her failure to recover that to which she was entitled, we also conclude that appellee has not breached any contract or judgment nor is she liable to pay any of her survivor benefits to appellant under a theory of unjust enrichment.