OPINION
{¶ 1} Appellant, Weijun Ling, appeals from the June 11, 2004 judgment entry of the Lake County Court of Common Pleas, Probate Division, denying his motion for summary judgment and granting the motion for summary judgment of appellee, Xiaojun Zhang Revocable Trust.
 {¶ 2} On September 23, 2003, Susan Wadkowski ("the trustee"), appellee's trustee, filed a complaint for declaratory relief and temporary restraining order against appellant and defendant, State Teachers Retirement System of Ohio ("STRS").[1] The trustee commenced the action to compel STRS to pay certain retirement benefits to her, as trustee, to be held for the benefit of Lily Michelle Ling ("minor child"), appellant's and Xiaojun Zhang's ("the decedent") daughter.[2] The trustee filed a motion for an ex-parte temporary restraining order on September 23, 2003, which was granted by the trial court on September 26, 2003, preventing STRS from disbursing any benefit payments to appellant during the pendency of the litigation. Appellant filed an answer on November 26, 2003.
 {¶ 3} On January 21, 2004, appellee filed a motion for summary judgment pursuant to Civ. R. 56. Appellant filed a memorandum in opposition to appellee's motion for summary judgment on February 20, 2004. Appellee filed a response on March 22, 2004.
 {¶ 4} On February 25, 2004, appellant filed a motion for summary judgment. Appellee filed a memorandum in opposition to appellant's motion for summary judgment on March 29, 2004. Appellant filed a reply brief on April 14, 2004.
 {¶ 5} The facts emanating from the record reveal that appellant and the decedent were married and had one child, the minor child, born on October 29, 1996. The parties' marriage ended in divorce on September 19, 2001, and the minor child resided with the decedent. The parties agreed to share parental rights regarding the minor child in accordance with a shared parenting plan. Prior to her death, the decedent was employed as a professor at Lakeland Community College and participated in STRS.
 {¶ 6} On April 3, 2002, the decedent executed a revocable trust. On April 17, 2002, the decedent submitted forms to STRS in which she indicated that she was divorced, named the minor child as her only child, checked the box to apply the statutory succession of beneficiaries, and designated the trust as the vehicle that the minor child was to receive STRS funds.
 {¶ 7} The decedent passed away on June 20, 2003. On September 9, 2003, STRS informed the trustee in writing that the minor child's STRS monthly survivor benefits would be payable through appellant.
 {¶ 8} Pursuant to its June 11, 2004 judgment entry, the trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[3]
 {¶ 9} "[1.] The [trial] court erred in granting appellee's motion for summary judgment and ordering [STRS] to pay survivor benefits resulting from the death of [the decedent] to * * * trustee.
 {¶ 10} "[2.] The [trial] court erred when it failed to rule that the trust in question by its terms terminated on the death of [the decedent]."
 {¶ 11} In his first assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment and ordering STRS to pay survivor benefits resulting from the decedent's death to the trustee. Appellant contends that the statutory succession of beneficiaries regarding survivor benefits payable out of STRS pursuant to R.C. 3307.562 and R.C. 3307.66 controls the distribution of survivor benefits and renders no legal consequence or enforceability with respect to any written directions by a participant.
 {¶ 12} In order for a summary judgment to be granted, the moving party must prove:
 {¶ 13} "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385.
 {¶ 14} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that:
 {¶ 15} "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ. R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 16} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ. R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ. R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 17} R.C. 3307.562 provides, in part, that:
 {¶ 18} "(B) * * * should a member * * * die before service retirement, the member's accumulated contributions, plus an amount calculated in accordance with [R.C.] 3307.563, and any amounts owed and unpaid to a disability benefit recipient shall be paid to such beneficiaries as the member has nominated by written designation signed by the member and filed with the state teachers retirement board prior to death. The nomination of beneficiary shall be on a form provided by the retirement board.
 {¶ 19} "(C) Except as provided in division (G)(1) of [R.C.] 3307.66, if a member dies before service retirement and is not survived by a designated beneficiary, any beneficiaries shall qualify, in the following order of precedence, with all attendant rights and privileges:
 {¶ 20} "(1) Surviving spouse;
 {¶ 21} "(2) Children, share and share alike * * * [.]"
 {¶ 22} R.C. 3307.66(B)(2) states, in part, that: "[a] qualified child is the child of a deceased member participating in the plan * * * who is both of the following:
 {¶ 23} "(a) Unmarried;
 {¶ 24} "(b) Under age eighteen, or under age twenty-two if attending an institution of learning or training * * *."
 {¶ 25} R.C. 3307.66(C)(2) provides, in part, that: "[i]f a deceased member had completed at least one and one-half years of credit for Ohio service, with at least one-quarter year of Ohio contributing service credit within the two and one-half years prior to the date of death, * * * a * * * qualified survivor may elect to receive monthly benefits as provided in division (C)(2) of this section. * * *"
 {¶ 26} R.C. 3307.66(G)(1) states that: "[r]egardless of whether the member is survived by a spouse or designated beneficiary, if the state teachers retirement system receives notice that a deceased member described in division (C)(1) or (2) of this section has one or more qualified children, all persons who are qualified survivors under division (C)(2) of this section shall receive monthly benefits as provided in division (C)(2) of this section."
 {¶ 27} In the case at bar, we disagree with appellant that the decedent was not entitled to designate a beneficiary of her STRS funds by operation of R.C. Chapter 3307. Here, the decedent was a deceased member in accordance with R.C. 3307.66(C)(2) since she completed more than one and a half years of credit for Ohio service, with at least one quarter year of Ohio contributing service within the two and a half years prior to her death. Pursuant to R.C. 3307.66(B)(2), the minor child is a qualified child because she is unmarried and under the age of eighteen. Thus, based on R.C. 3307.66(G)(1), the minor child is a qualified beneficiary, which entitles her to receive the decedent's STRS death benefits.
 {¶ 28} The decedent established a trust to hold STRS benefits for the minor child. There is no provision in R.C. Chapter 3307 that states that STRS payments may not flow through a trust, provided the benefits are received by a qualified beneficiary. Whether the STRS benefit payments are paid through appellant or through the trust, the qualified beneficiary is still the minor child. The decedent's written directive establishing a trust through which the minor child's benefits are to flow does not violate R.C. 3307.562(B) or R.C. 3307.66(G)(1).
 {¶ 29} Again, R.C. 3307.562(B) states, in part, that: "[t]he nomination of beneficiary shall be on a form provided by the retirement board." This provision applies only to the nomination of a beneficiary, not the establishment of a mechanism to distribute STRS funds to a beneficiary. The utilization of a trust as a mechanism to distribute STRS benefits is not foreign to STRS. In fact, page two of the STRS form provides that: "[m]onthly benefits may be paid to your qualified children through an inter vivos trust." Thus, it is clear that STRS is equipped to handle the use of trusts as conduits to distribute STRS benefits to a final beneficiary.
 {¶ 30} In addition, appellant's contention regarding a violation of R.C. 3307.41 is without merit since the funds are not being garnished, assigned, attached, or subject to any process of law. Appellee is not a creditor within the meaning of R.C. 3307.41. There is nothing which suggests that appellant, the decedent's ex-husband, is entitled to control the minor child's STRS benefits. See, e.g., Weiand v. Akron
(1968), 13 Ohio App.2d 73; In re Bednarczuk (1992), 80 Ohio App.3d 548.
 {¶ 31} Appellant's reliance on Cosby v. Cosby (2002), 96 Ohio St.3d 228, is misplaced. Cosby involved the payment of benefits to persons other than the qualified recipients under the statute. As such, Cosby is not applicable to the instant matter because the minor child here is a qualified beneficiary. No statute expressly prohibits the method of distribution ordered by the trial court.
 {¶ 32} Also, appellant's reliance on Ohio Administrative Code 3307-7-01
for the proposition that the minor child's benefits must be paid through him is without merit. Nowhere is it stated that benefits must be paid through a natural parent of a qualified surviving child, under the age of eighteen, who is residing with that natural parent. Appellant conceded this fact in his motion for summary judgment when he indicated that: "Ohio Administrative Code § 3307-7-01 lists circumstances when STRS would pay benefits to a guardian. Admittedly, none of the circumstances are applicable because [the minor child] is in the custody and care of her natural parent."
 {¶ 33} Based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate. Appellant's first assignment of error is without merit.
 {¶ 34} In his second assignment of error, appellant alleges that the trial court erred when it failed to rule that the trust terminated on the death of the decedent. Appellant contends that when the language of a trust requires that the trustee deliver the entire trust estate to a named living person who is not the trustee, that person takes the property free from the trust. Appellant stresses that the trust was not a viable legal entity for the receipt of the STRS benefits.
 {¶ 35} In the case sub judice, the trust at issue provides that:
 {¶ 36} "[u]pon my death, my Trustee shall deliver the entire trust estate including any and all property received under my last will and testament to my daughter * * *. With respect to my beneficiaries who survive me and who have reached the age of thirty (30), the trust share attributable to that beneficiary shall be distributed by the Trustee to that beneficiary outright. With respect to any such separate trust established for the benefit of a beneficiary who has not reached the age of thirty (30) and who survives me, the Trustee shall distribute to such beneficiary from time to time * * * as the Trustee, in its sole discretion, deems necessary or advisable for such person's health, maintenance, support and education[.]"
 {¶ 37} Here, the language of the trust does not suggest that it terminated on the death of the decedent. Rather, the trust provides that upon the decedent's death, the trust would be delivered to the minor child unless she was under the age of thirty. In that case, the trust would continue for the health, maintenance, support, and education of the minor child until she reaches the age of thirty. At the time of this case, the minor child was seven years old. Thus, the trustee continues to hold funds for the minor child's health, maintenance, support, and education. As stated in appellant's first assignment of error, STRS benefits may flow through the trust since the benefits are received by the minor child, a qualified beneficiary. Appellant's second assignment of error is without merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.
O'Neill, J., Colleen Mary O'Toole, J., concur.
[1] STRS is not a party to the instant appeal.
[2] Prior to the filing of the complaint, STRS determined that the benefits were properly payable to appellant.
[3] Appellant filed his notice of appeal on July 9, 2004. On July 22, 2004, the trial court filed a judgment entry granting the relief requested in appellee's complaint, ordering STRS to pay all of the minor child's future STRS benefits to appellee; ordering appellant to forward all previously received STRS funds to appellee; declaring judgment in favor of appellee; and directing STRS to release all funds to appellee that STRS had been holding pursuant to the temporary restraining order. On October 6, 2004, appellee filed a motion to dismiss appeal, contending that the trial court's June 11, 2004 judgment entry was not a final appealable order. Appellant filed a memorandum in opposition to appellee's motion to dismiss appeal on October 22, 2004. Appellee filed a reply on October 29, 2004. Pursuant to this court's December 16, 2004 judgment entry, we overruled appellee's motion to dismiss and treated appellant's notice of appeal as a premature appeal pursuant to App. R. 4(C).