Lundberg Stratton, J.,
dissenting.
{¶ 34} Ohio Adm.Code 3309-l-Ml(A)(l) requires the School Employees Retirement System (“SERS”) to notify the applicant or benefit recipient by letter of the retirement board’s decision whether to grant an appeal. Nearly three and a half years after Gill’s SERS disability-retirement appeal was heard by the SERS retirement board, Gill still has not received the written notice of SERS’s decision on his appeal.
{¶ 35} The majority argues that because the statutes are silent on this issue, we must accord SERS deference in interpreting the pertinent legislation. Yet, as a statutory entity, SERS can only act as expressly authorized by statute. Cosby v. Cosby, 96 Ohio St.3d 228, 2002-Ohio-4170, 773 N.E.2d 516. As both the magistrate and the court of appeals found, there is no statutory authority supporting SERS’s claim that Gill’s application for combined disability-retirement benefits with SERS was automatically “voided” after PERS approved his independent disability-retirement benefit. Neither is there any case law supporting this position.
{¶ 36} Further, the majority contends that Gill has waived his right to pursue combined disability-retirement benefits under both PERS and SERS when he opted to seek disability-retirement benefits solely from PERS without regard to his SERS service time. I disagree. Gill attempted to follow the instructions given to him by both PERS and SERS in filing his application for combined disability-retirement benefits. After hearing nothing for several months from SERS, Gill had little choice but to pursue his retirement-disability benefits under PERS.
(¶ 37} If SERS’s position denying disability-retirement benefits is reversed (a strong probability given that PERS found disability on the same set of facts), the original application for combined disability-retirement benefits would be reinstat *575 ed, and PERS has indicated that it is willing to combine and administer the benefits pursuant to statute.
Thomas P. O’Donnell & Associates and Thomas P. O’Donnell, for appellee.
Richard Cordray, Attorney General, and Todd A. Nist, Assistant Attorney General, for appellant.
{¶ 38} More important, PERS did not file any objections to the magistrate’s decision, nor did PERS join in the appeal to this court. Rather, PERS stated in a December 9, 2005 letter that it was willing to administer Gill’s combined benefits should SERS find Gill disabled. In my view, SERS has no standing to assert any position on behalf of PERS.
{¶ 39} Today’s decision is, in my opinion, unsupported by the governing statutes and contrary to the public policy allowing combining disability-retirement benefits under two or more of the three retirement systems. R.C. 145.37(B) (PERS), 3307.57(B) (State Teachers Retirement System) and 3309.35(B) (SERS). The majority robs Gill of an option I believe he was intended to have. Nor is this decision supported by any legal authority. By this ruling, we have created a new trap for disabled employees. Accordingly, I respectfully dissent and would affirm the judgment of the court of appeals and grant the writ of mandamus.
Pfeifer and O’Donnell, JJ., concur in the foregoing opinion.