**THOMAS–SCHAFER, Appellant,**

v.

**SCHAFER et al., Appellees.**

[Cite as *Thomas–Schafer v. Schafer* (1996), 111 Ohio App.3d 779.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950877.

Decided June 19, 1996.

*Rosemary Scollard,* for appellant.

PAINTER, Judge.

Plaintiff-appellant Bette Thomas–Schafer appeals from the order of the trial court dismissing her complaint for annulment.[1] In her single assignment of error, Thomas–Schafer argues that pursuant to R.C. 3105.32(B), she was entitled to bring an action to annul the marriage between her spouse, Duane Schafer, and his purported new wife, Tanya Jennings.[2] We agree and reverse the judgment of the trial court.

Thomas–Schafer and Schafer began living together in June 1988, and in February 1989, they had a son, Todd Ryan Andrew Schafer. During that time, Thomas–Schafer was married to John Thomas, but that marriage ended in divorce in May 1990. Thomas–Schafer claims that after that date she was involved in and committed to a common-law marriage with Schafer.[3] She points out that the two held themselves out to the community as husband and wife, and that when Schafer was incarcerated, she was permitted, as his wife, to visit him at the penitentiary. After hearing the evidence, the referee agreed, stating in his report that there was "a valid and existing marriage in effect at the time [the] Defendants [Schafer and Jennings] [allegedly] married * * *."

In September 1994 Schafer allegedly married Jennings. Two months later, Thomas–Schafer, claiming that she was still legally married to Schafer, filed a

---

1. We have *sua sponte* removed this case from the accelerated calendar.

2. Neither Schafer nor Jennings appeared before the trial court, and neither filed a brief with or appeared before this court.

3. On October 10, 1991, the legislature abolished an individual's right to enter into a common-law marriage. R.C. 3105.12(B)(1). However, those common-law marriages which occurred prior to October 10, 1991, remain valid. R.C. 3105.12(B)(2); *State v. Phelps* (1995), 100 Ohio App.3d 187, 652 N.E.2d 1032.

complaint for annulment of Schafer's marriage to Jennings. After hearing the evidence, the referee recommended that the marriage between Schafer and Jennings be annulled. The trial court, however, in dismissing the complaint, ruled that "[a]s the spouse of defendant, Duane Schafer, plaintiff, Betty J. Thomas–Schafer, was not a party to the alleged marriage." Schafer–Thomas now appeals.

R.C. 3105.31 set forth the grounds for annulment and provides that:

"A marriage may be annulled for any of the following causes existing at the time of the marriage:

" * * *

"(B) That the former husband or wife of either party was living and the marriage with such former husband or wife was then and still is in force[.]"

R.C. 3105.32(B) specifies the parties who may commence an action for annulment: "For the cause mentioned in division (B) of section 3105.31 of the Revised Code, by either party during the life of the other or by such former husband or wife[.]"

There can be no doubt that Thomas–Schafer had the requisite standing to bring the annulment action if her alleged marriage to Schafer was valid at the time Schafer entered into a second marriage with Jennings. While the trial court, in its entry, referred to Thomas–Schafer as the "spouse" of Schafer, it did not make an affirmative finding, as did the referee, that the two were parties to a valid and existing marriage at the time Schafer purportedly married Jennings. Instead, the trial court *sua sponte* ruled that Thomas–Schafer, as the "former" [4] spouse did not have standing because she was not a party to the marriage sought to be annulled. This ruling is in direct contravention of the statute, and of common sense. Who might have better standing to object to a spouse's bigamous marriage than the present spouse?

Accordingly, the judgment of the trial court is reversed and the cause is remanded with instructions for the trial court to determine whether Schafer–Thomas and Schafer were legally married at the time Schafer allegedly married Jennings. If the answer to that question is in the affirmative, then Schafer–Thomas has a right to bring an action under R.C. 3105.32(B) to have the marriage between Schafer and Jennings annulled.

*Judgment reversed*
*and cause remanded.*

MARIANNA BROWN BETTMAN, P.J., and SUNDERMANN, J., concur.

---

4. The statute refers to "former" spouse, which necessarily means the spouse existing before the subsequent bigamous marriage, who is actually the present spouse.