OPINION
{¶ 1} Third-Party/Defendant-Appellant Ohio Public Employees Retirement System appeals the decision of the Jefferson County Court of Common Pleas, Domestic Relations Division, that placed a constructive trust on certain OPERS benefits and ordered OPERS to distribute those benefits pursuant to the divorce decree and property division that was entered between Joseph Snyder and plaintiffappellee Agnes Snyder. Two issues are addressed in this appeal. First, whether OPERS has standing to appeal. Finding that it does, the second issue addressed is whether the trial court abused its discretion in ordering OPERS benefits to be placed in a constructive trust and to be distributed in accordance with the divorce decree and property division. For the reasons stated below, the decision of the trial court is reversed.
 STATEMENT OF FACTS {¶ 2} Joseph and Agnes Snyder were married on June 29, 1974. During the marriage, Joseph worked for the City of Steubenville and had a pension through OPERS. The marriage also produced two children, who were emancipated when Agnes filed for divorce. Joseph also had two minor children by a girlfriend, twins born on June 9, 2000.
 {¶ 3} On January 3, 2002, the trial court issued a divorce decree. That decree awarded, among other things, half of Joseph's OPERS account to Agnes. The trial court amended that decree on March 21, 2002, in a nunc pro tunc entry to read as follows:
 {¶ 4} "The parties shall equally divide Defendant's PERS Pension as of and through December 19, 2001. The parties are further ordered to equally divide Defendant's Ohio Public Employees Deferred Compensation Plan as of and through December 19, 2001. Plaintiff shall receive a one-half interest in each plan free and clear of any claim of Defendant.
 {¶ 5} "Defendant is ordered to designate Plaintiff as a beneficiary for purposes of PERS Pension so that in the event of Defendant's death Plaintiff will continue to receive her one-half interest under the plan."
 {¶ 6} Joseph did not designate Agnes as a beneficiary. Joseph died before retiring and Agnes sought her portion of the pension. OPERS told Agnes it could not distribute the pension proceeds to her as ordered by the divorce decree since Joseph never named her as a beneficiary under the plan. Agnes then moved to prevent OPERS from distributing the proceeds to the qualified beneficiaries. The trial court temporarily enjoined OPERS from distributing the proceeds to those beneficiaries. After being joined as a party, OPERS filed a memorandum in opposition to Agnes's motion. It argued that the distribution of the proceeds is regulated by statute and that the trial court's attempt to divide those proceeds does not bind OPERS.
 {¶ 7} The trial court heard the matter. At the conclusion of that hearing, it found that the principles of equity should apply in this case. Accordingly, it deemed OPERS a constructive trustee for the purposes of distributing Joseph's OPERS benefits and ordered OPERS to distribute those benefits in accordance with the March 21st order. OPERS timely appealed this judgment raising two assignments of error. The trial court granted a stay of execution pending appeal.
 {¶ 8} While this appeal was pending, we asked that the parties submit memoranda regarding whether OPERS has standing to appeal the trial court's decision. The issue of standing is jurisdictional in nature.Buckeye Foods v. Cuyahoga Cty. Bd. of Revision, 78 Ohio St.3d 459, 1997-Ohio-0199. It is an issue that a court may raise sua sponte. SeeWilloughby Hills v. C.C. Bar's Sahara, Inc., 64 Ohio St.3d 24, 1992-Ohio-0111; Warren Cty. Park Dist. v. Warren Cty. Budget Comm.
(1988), 37 Ohio St.3d 68; Thomas-Schafer v. Schafer (1996),111 Ohio App.3d 779; Lutz/Kelly v. Faver, 8th Dist. No. 82393, 2003-Ohio-0659. Thus, the standing issue must be addressed prior to addressing the merits.
 {¶ 9} "The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented." OhioContractors Assn. v. Bicking, 71 Ohio St.3d 318, 320, 1994-Ohio-0183, citing Warth v. Seldin (1975), 422 U.S. 490, 498. "Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." Ohio ContractCarriers Assn. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, syllabus. "Under the common law, it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." Willoughby Hills,64 Ohio St.3d at 26. In order to have standing to appeal, the injury to the appellant "must be concrete and not simply abstracted or suspected."Ohio Contractors, 71 Ohio St.3d at 320.
 {¶ 10} The Ohio Supreme Court has stated numerous times that an agency does not have the right to appeal a trial court's decision that is adverse to it except in limited situations. State ex rel. Osborn v.Jackson (1976), 46 Ohio St.2d 41; State ex rel. Broadway Petroleum Corp.v. City of Elyria (1969), 18 Ohio St.2d 23; Lake Cty. Budget Comm. v.Village of Willoughby Hills (1967), 9 Ohio St.2d 108; Corn v. Board ofLiquor Control (1953), 160 Ohio St. 9, 17. However, these cases are distinguishable from the one at hand.
 {¶ 11} In Corn, Osborn, Broadway Petroleum Corp., and Lake CountyBudget Commission, the resolving issues were whether or not an agency had a right of appeal from a judgment of a common pleas court rendered uponappeal from a decision of that agency. The Supreme Court held that an agency did not. In coming to this determination the Court relied on R.C.119.01 and 119.12, which specifically addresses who can appeal an order of an agency. Osborn, 46 Ohio St.2d 41; Corn, 160 Ohio St. 9.
 {¶ 12} In the instant matter, this was not an appeal from the common pleas court's judgment that was rendered upon appeal from a decision of OPERS as an agency. As explained in the facts, this situation arose from OPERS being named a third-party defendant to the proceedings in the common pleas court. As such, the case at hand is distinguishable. OPERS was named as a party and can appeal the trial court's decision, which in effect, required them to violate the law.
 {¶ 13} Furthermore, recently our sister district allowed an appeal, raising similar issues as the issues raised in this case to proceed to the merits. See Ohio Pub. Emp. Retirement Sys. v. Coursen,156 Ohio App.3d 403, 2004-Ohio-1229. Coursen is very similar to the matter at hand as to the issue of standing. Admittedly, it does not address the issue of standing in its opinion; however, the allowance of the appeal on the merits is implicit as to the standing issue. While we are not bound by the Ninth Appellate District, we should not hesitate to do so when the outcome of the case is persuasive as to how the issue of standing should be resolved in the instant matter. This is especially so in a case such as this where the common pleas court's order may be requiring OPERS to violate clear statutory mandates. Therefore, we find that OPERS does have standing to appeal the trial court's decision.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 14} "The trial court erred when it ordered one-half of joseph snyder's opers survivor benefits be paid to agnes snyder."
 {¶ 15} R.C. Chapter 145 governs OPERS. R.C. 145.43(B) states that if someone participating in OPERS dies "before age and service retirement, the [death benefits] shall be paid to the person or persons the member has designated in writing duly executed on a form provided by the public employees retirement board, signed by the member and filed with the board prior to the member's death." However, the designated beneficiary does not receive those proceeds if the decedent has one or more qualified children. "Regardless of whether the member is survived by a spouse or designated beneficiary, if the public employees retirement system receives notice that a deceased member * * * has one or more qualified children, all persons who are qualified survivors under division (B) of this section shall receive monthly benefits as provided in division (B) of this section." R.C. 145.45(C)(1).
 {¶ 16} Both parties agree that Joseph's minor children are clearly qualified children under the statute. R.C. 145.45(B)(2)(b)(i). Furthermore, both parties agree that Agnes is not a qualified survivor under R.C. 145.45(B). She is neither a qualified spouse, since she and Joseph are divorced, qualified child, nor a qualified parent. Thus, both parties admit that under the plain language of the statute, Agnes is not eligible to receive any benefits from OPERS due to Joseph's death and she would not be eligible for those benefits even if Joseph had named her as a beneficiary.
 {¶ 17} The disagreement in this case lies with the trial court's determination that principles of equity in this case should outweigh the mandates of the statute. The trial court created a constructive trust. It found that the parties' divorce decree demonstrated a clear intent for Agnes to receive one-half of the survivor benefits. It ordered OPERS to be the constructive trustee and to distribute the benefits in accordance with the divorce decree. Agnes contends that this is proper; OPERS disagrees.
 {¶ 18} Prior to January 1, 2002, a common pleas court, when faced with a situation as the one before us, had two options. One was to read the statute, R.C. 145.45, strictly and find that the ex-spouse was unable to collect OPERS benefits. The second option was to apply the principles of equity and create a constructive trust, as was done in the matter before us. However, on January 1, 2002, new statutes were enacted which, if followed, would permit the common pleas court to allow the exspouse to collect benefits without applying the principles of equity.
 {¶ 19} On January 1, 2002, Senate Bill 385 became effective and it enacted R.C. 3105.80, et seq., which regulates how public retirement plans may designate and pay alternate payees. See Ciaveralla v.Ciaveralla, 7th Dist. No. 2002-CO-11, 2004-Ohio-568, ¶ 41-60 (discussing Senate Bill 385 and R.C. 3105.80 et seq.).
 {¶ 20} R.C. 3105.81 states:
 {¶ 21} "A court that issues an order under section 3105.171 or 3105.65
of the Revised Code that provides for a division of property that includes a benefit or lump sum payment and requires one or more payments from a public retirement program to an alternate payee shall include in the order a requirement that the payments be made in accordance with and subject to limitations set forth in sections 3105.82 to 3105.90 of the Revised Code."
 {¶ 22} R.C. 3105.82 then lists the requirements an order described in R.C. 3105.81 must contain.
 {¶ 23} The original divorce decree was issued on January 3, 2002. Furthermore, under these statutes Agnes could have qualified as an alternate payee. Thus, given the state of the law at the time of the divorce decree, Joseph and Agnes' intentions could have been accomplished if the mandates in R.C. 3105.80 et seq. were followed. However, the record is clear that neither the original nor the nunc pro tunc order contain these requirements. Consequently, since those statutes were not followed, we are left with the determination of whether the principles of equity should apply to R.C. 145.45.
 {¶ 24} As aforementioned, recently, the Ninth Appellate District, inCoursen, was faced with a similar fact pattern. Coursen,156 Ohio App.3d 403, 2004-Ohio-1229. In Coursen, Mr. and Ms. Coursen were divorced and the trial court ordered that Ms. Coursen should receive one-half of the marital portion of Mr. Coursen's OPERS account. It ordered him to designate Ms. Coursen as the irrevocable beneficiary of his OPERS survivor benefit. Id. at ¶ 2. Mr. Coursen remarried and never designated Ms. Coursen as a beneficiary. Mr. Coursen then died. Ms. Coursen sought to enforce the divorce decree and the trial court ordered OPERS to pay the survivor benefits to her.
 {¶ 25} On appeal, the Ninth Appellate District found that OPERS could "pay benefits only as specifically provided by statute." Id. at ¶ 7. It found that Mr. Coursen's agreement in the divorce proceeding to name Ms. Coursen as a beneficiary did not satisfy the statutory requirements of naming her as beneficiary. "As the statutory requirements must be strictly followed, and Mr. Coursen failed to do so, we cannot say that Ms. Coursen was entitled to receive Mr. Coursen's survivor benefits." Id. at ¶ 10.
 {¶ 26} Coursen citied the Ohio Supreme Court case of Cosby v. Cosby,96 Ohio St.3d 228, 2002-Ohio-4170, for the proposition that it must strictly follow the statutes when determining who should receive the benefits. Cosby dealt with STRS and the survivor benefits, which are exclusively governed by statute. In Cosby, the plaintiff, Faye Cosby, has been married to Carel Cosby for thirty-seven years. The two divorced. The divorce decree stated that Faye would receive forty percent of Carel's STRS benefits upon his retirement, but contained no provision governing her share of the benefits if he died before retiring. Carel never named Faye as the beneficiary of his STRS account.
 {¶ 27} After divorcing Faye, Carel married Bonnie. Later, he died before his planned retirement. Because Carel had designated Bonnie as his surviving spouse, STRS paid the proceeds of his account to Bonnie in the form of a "death benefit" per R.C. 3307.48. Faye claimed that she was entitled to forty percent of the death benefit that Bonnie received. She asked the trial court to impose a constructive trust in her favor requiring Bonnie to remit to Faye her share of the death benefit Bonnie received. The trial court rejected that argument and Faye appealed to the Twelfth District.
 {¶ 28} The Twelfth Appellate District found that the trial court abused its discretion by not imposing a constructive trust. However, the Ohio Supreme Court reversed the Twelfth Appellate District's ruling. It stated:
 {¶ 29} "STRS benefits are governed exclusively by statute. Bonnie Cosby, as the qualified statutory beneficiary of Carel Cosby's STRS account, is currently receiving or has received survivor benefits under R.C. 3307.562. The court of appeals' decision imposing a constructive trust over a portion of Bonnie Cosby's benefits for the benefit of Faye Cosby is contrary to the statutory mandates of STRS. While we sympathize with Faye Cosby's situation, we are bound by the statutory mandates of STRS and cannot ignore their requirements. Although we may not like the result, a different solution lies only with the General Assembly. Consequently, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court." Cosby at ¶ 19.
 {¶ 30} Thus, given the similarities between OPERS and STRS, we agree with the Ninth Appellate District that the statutory mandates of distribution, R.C. 145.45, strictly apply. As explained above, R.C. 145.45
does not allow for Agnes to collect benefits. Consequently, the trial court erred in creating the constructive trust instead of following the statutory mandates.
 {¶ 31} Furthermore, we note that the statutes governing OPERS, R.C.145.43 and 145.45, and property division, R.C. 3105.80 et seq., were in existence at the time of the divorce. Agnes knew that Joseph had very young children at the time of the divorce. Guarded with this information, she could have easily discovered that she would not receive the survivor benefits even if she were designated as the beneficiary, unless she complied with R.C. 3105.80 et seq. Thus, for the reasons stated above, this assignment of error has merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 32} "The trial court erred in enforcing the march 21, 2002 judgment entry against opers when opers was not a party to that order."
 {¶ 33} Due to our disposition of the first assignment of error, the second assignment of error is rendered moot. App.R. 12(A)(1)(c). Accordingly, it will not be addressed.
 {¶ 34} For the foregoing reasons, the decision of the trial court is hereby reversed.
Waite, P.J., concurs.
DeGenaro, J., dissents; see dissenting Opinion.