DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mary Romans, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied Appellant's motion for contempt against Appellee, Clifford Romans, and imposed a constructive trust upon Maryann Romans. This Court affirms.
 I. {¶ 2} After 22 years of marriage, Appellee filed for a divorce from Appellant. The parties negotiated a divorce settlement, which the trial court incorporated into the Decree of Divorce.
 {¶ 3} At the time of the divorce, both Appellant and Appellee were participating in State of Ohio pension plans. The February 26, 1999 Decree of Divorce contained specific agreed upon provisions which divided their individual pensions in half by coverture fracture and designated the ex-spouse as the surviving spouse in the event of death. The trial court followed up with an Order on March 23, 1999, which addressed the payment of the pension benefits upon either party's retirement and allowed for future orders should the law change making the pension benefits subject to a QDRO or an equivalent order. After the parties divorced but before Appellee retired, legislation went into effect allowing a Division of Property Order ("DOPO") for public pension plans.
 {¶ 4} Pursuant to the Decree of Divorce and the subsequent Order, Appellee designated Appellant as the beneficiary to Appellee's pension benefits. In May 1999, Appellee married his current wife, Maryann Romans. Appellee did not change the beneficiary upon his second marriage. To date, Appellant has not remarried.
 {¶ 5} Appellee retired in August 2002. While completing the necessary forms, Appellee learned that the law in place at that time did not allow him to split the beneficiary, nor could he list a beneficiary other than his current wife without her consent. Maryann Romans refused to consent to Appellant being listed as the sole beneficiary. Without his new wife's consent, Appellee was required by statute to list Maryann Romans as the beneficiary, instead of Appellant.
 {¶ 6} On January 22, 2003, the trial court issued a DOPO. In the meantime, Appellant discovered she was not listed as the beneficiary of Appellee's pension benefits. Appellant filed a motion for contempt against Appellee for his failure to designate Appellant as the beneficiary. Appellant also moved to add Maryann Romans as a third-party defendant. After considering the parties' briefs, the trial court granted Appellant's motion to add Maryann Romans as a third-party defendant, denied Appellant's motion for contempt, and imposed a constructive trust upon Maryann Romans with regards to the survivorship benefits of Appellee's STRS pension. Appellant timely appealed asserting two assignments of error.
 II. A. First Assignment of Error "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLEE (HUSBAND) WAS NOT IN CONTEMPT." {¶ 7} Appellant's first assignment of error alleges that she put forth a prima facie case of contempt by Appellee and thus it was an abuse of discretion to not find Appellee in contempt of the February 26, 1999 Decree of Divorce. Appellant argues that Appellee does not have a valid defense and claims the trial court failed to provide any explanation for its determination that Appellee was not in contempt. We disagree.
 {¶ 8} A trial court's decision in a contempt proceeding will not be reversed absent an abuse of discretion. State ex. rel. Ventrone v.Birkel (1981), 65 Ohio St.2d 10, 11. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 9} "Contempt of court is defined as disobedience of an order of a court." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. There must be clear and convincing evidence to support a finding of civil contempt. ConTex, Inc. v. Consol.Technologies, Inc. (1988), 40 Ohio App.3d 94, 95. A prima facie case of contempt is established where the divorce decree is before the court along with proof of the contemnor's failure to comply therewith.Rossen v. Rossen (1964), 2 Ohio App.2d 381, 384. Once a prima facie case of contempt is shown, it is incumbent upon the contemnor to present any available defenses, such as the fact that it was not in the contemnor's power to obey the court order. Courtney v. Courtney (1984),16 Ohio App.3d 329, 334. The impossibility of performance of a court order, absent fraud or sharp practice, is recognized as a viable defense in a contempt proceeding. Wysocki v. Wysocki, (App. 1955), 65 Ohio Law Abs. 156, 113 N.E.2d 686, 689. However, it is not a defense for a contemnor to claim that he acted innocently and did not intend to violate the court's order. Windham Bank, 27 Ohio St.2d 55 at paragraph three of the syllabus.
 {¶ 10} A party may utilize contempt proceedings to enforce "[a] property settlement provision contained in a separation agreement, which is subsequently incorporated into a divorce decree." Harris v.Harris (1979), 58 Ohio St.2d 303, paragraph one of the syllabus. Pension benefits accumulated during marriage are properly considered marital assets and are subject to property division in a divorce settlement.Erb v. Erb (1996), 75 Ohio St.3d 18, 20; R.C. 3105.171(A)(3)(a)(i). Government retirement systems, such as STRS, are creatures of statute and have no authority beyond that which is expressly or impliedly conferred by statute. Cosby v. Cosby, 96 Ohio St.3d 228, 2002-Ohio-4170, at ¶ 10. Accordingly, "Ohio's public retirement systems, including STRS, can pay benefits only as expressly authorized by statute." Id. at ¶ 15, citing Erb, 75 Ohio St.3d at 22.
 {¶ 11} Prior to retirement, the participant may designate whomever he wishes as his beneficiary as there is no spousal consent required for the election of a beneficiary. R.C. 3307.562(B). This beneficiary designation is only valid prior to retirement.
 {¶ 12} Upon retirement, the participant must complete an application for benefits. R.C. 3307.58. Pursuant to R.C. 3307.60(F)[1], a married participant applying for retirement benefits is required to obtain the consent of his current spouse if the participant selects a plan that does not provide the current spouse a continuing benefit after the participant's death. Further, the statute only permits the participant to designate one beneficiary. Id. If the participant attempts to make a designation of a sole beneficiary other than the current spouse without an executed consent form from the current spouse, the election is deemed invalid and current spouse is deemed selected as the beneficiary as a matter of law. See R.C. 3307.60(F)(3).
 {¶ 13} Additionally, R.C. 3105.80 et seq., enacted in January 2002, allowed domestic relations courts to enter a Division of Property Order ("DOPO") regarding divorced parties' public retirement plans. Snyder v.Snyder, 7th Dist. No. 04 JE 16, 2004-Ohio-7216, at ¶ 19. A DOPO permits a pension plan to make direct payment of benefits to an alternate payee, such as a former spouse. R.C. 3105.81. However, the legislature limited DOPOs to retirement benefits by terminating the alternate payee's rights to benefits upon either the death of the participant or the alternate payee, whichever occurs first. R.C. 3105.86. Accordingly, the statute does not provide an alternate payee a survivorship right in a participant's STRS benefits. Id. See Streza v. Streza, 9th Dist. No. 05CA008644, 2006-Ohio-1315, at ¶ 37.
 {¶ 14} Appellant argues that Appellee's failure to designate her as the beneficiary of the pension benefits is a prima facie case of contempt. Appellant provided the trial court with the divorce decree wherein each spouse was ordered to name the other as beneficiary of their respective pension plans. Appellee concedes that he is retired and Appellant is not the named beneficiary of his pension benefits. However, Appellee defends his failure to comply with the divorce decree by claiming impossibility of performance based upon the statutory requirement of spousal consent. Appellee's current wife, Maryann Romans, clearly refused to consent to Appellee naming Appellant as the beneficiary, as such a designation would have stripped Maryann Romans of all survivorship benefits. Without Maryann Romans' written consent, Appellee was unable to name anyone other than Maryann Romans as the beneficiary.
 {¶ 15} Appellant suggests that Appellee should have picked a different plan, Option 3(A), and designated her to receive 34.8 percent of his monthly benefit for her lifetime. It is Appellant's position that such an election would have allowed her to receive the benefits instead of Maryann Romans. Appellant's position is incorrect. Option 3(A) allows the participant to designate a fixed percentage of benefits to go to the beneficiary. However, Option 3(A) does not change the fact that the participant needs spousal consent to designate a beneficiary other than the current spouse. Accordingly, the selection of a different plan would not have generated a different result with regards to the beneficiary.
 {¶ 16} Further, the Divorce Decree does not order Appellee to select a specific type of plan. The Divorce Decree allows the parties to pick any plan as long as the ex-spouse receives his or her share pursuant to the coverture fraction and is named the beneficiary. However under the statute in effect at the time of Appellee's retirement, there was no plan that would allow him to designate Appellant as the beneficiary without his current wife's consent.
 {¶ 17} Appellant does not dispute that she is receiving her share of Appellee's pension benefits. Instead, Appellant only argues that she is not properly named as the beneficiary. Pursuant to the trial court's March 23, 1999 Order, the parties' division of pension benefits under the Divorce Decree was "subject to a QDRO (or the equivalent), [and] the parties shall enter into such an order sufficient to transfer each other's interest. * * * Further, [Appellee] or [Appellant] may continue to receive payments for his or her entire lifetime, as the statute maypermit." (Emphasis added.) The division of property statutes were enacted after the parties divorced, but before Appellee retired. Based upon the trial court's March 23, 1999 Order, the parties' Divorce Decree is bound by the law set forth in R.C. 3105.80 et seq. Accordingly, Appellant is receiving her share of Appellee's pension benefits pursuant to the DOPO filed on January 22, 2003. However, the DOPO eliminated Appellant's survivorship rights to Appellee's pension benefits. R.C.3105.86.
 {¶ 18} Based upon the above, we do not find that the trial court abused it discretion in denying Appellant's motion for contempt. While Appellant presented a prima facie case of contempt, Appellee properly presented evidence of impossibility of performance of the February 26, 1999 Decree of Divorce due to R.C. 3307.60(F) and 3105.86.
 {¶ 19} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error "THE TRIAL COURT ERRED IN GRANTING A REMEDY THAT FAILS TO PROTECT APPELLANT'S (WIFE) BARGAINED-FOR RIGHTS." {¶ 20} In her second assignment of error, Appellant argues that the constructive trust imposed upon Maryann Romans is an inadequate remedy for Appellant's loss. Further, Appellant asserts that Appellee should be found in contempt and then given the opportunity to purge his contempt by either obtaining Maryann Romans' consent or purchasing a life insurance policy for the amount of the survivorship benefit. We disagree.
 {¶ 21} "A constructive trust is an equitable remedy that may be used `[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest.'" (Internal citations omitted.) Cosby at ¶ 17, quotingFerguson v. Owens (1984), 9 Ohio St.3d 223, 225. Constructive trusts are imposed to prevent unjust enrichment. Ferguson, 9 Ohio St.3d at 226.
 {¶ 22} In this case, the trial court imposed a constructive trust upon Maryann Romans to pay Appellant 34.8 percent of the monthly STRS survivorship benefits that Maryann Romans will receive from Appellee's pension upon his death. The trial court found that the survivorship benefits belong to Appellant pursuant to the Divorce Decree. However, Maryann Romans exercised her statutory right to not consent to Appellant being named the beneficiary. This results in Maryann Romans receiving all of the survivorship rights and Appellant receiving nothing upon Appellee's death. The constructive trust was an attempt by the trial court to undo the unjust enrichment to Maryann Romans by giving Appellant her bargained for coverture share of the survivorship benefits and the remainder to Maryann Romans. However, Appellant argues that this remedy does not make her whole as she will only receive Appellee's survivorship benefits for the duration of Maryann Romans' life, instead of for her life.
 {¶ 23} As noted above, R.C. 3105.86 eliminates Appellant's survivorship rights to Appellee's pension. The trial court and this Court both recognize that Appellant and Appellee bargained for survivorship benefits in their Divorce Decree. While the statute clearly prohibits Appellant from receiving survivorship benefits from the pension plan, it does not prevent Appellant from receiving her share of the survivorship benefits from Maryann Romans through a constructive trust. Further, Appellee acknowledges in his brief that the constructive trust is an equitable approach to implement the terms of the Divorce Decree and thus did not cross-appeal the trial court's imposition of the constructive trust. While we agree that the constructive trust leaves the possibility that Appellant will not be made whole should Maryann Romans predecease Appellant, the constructive trust is the best possible solution to ensure that Appellant receives her bargained for survivorship rights despite the statutory prohibition of R.C. 3105.86.
 {¶ 24} Appellant suggests that the trial court should order Appellee to purchase a life insurance policy for either his life or Maryann Romans' life for the benefit of Appellant. Appellant argues that a life insurance policy would ensure that she receives the equivalent of the survivorship benefits. While a life insurance policy would make Appellant whole, an order for life insurance would be a modification of the parties' Divorce Decree of which the trial court lacks jurisdiction to issue.
 {¶ 25} "Pension or retirement benefits accumulated during the course of a marriage are marital assets subject to property division in a divorce action." Erb, 75 Ohio St.3d at 20. "A court has control of the division of the property of the parties at the time of the divorce decree and not thereafter." (Emphasis added.) Bean v. Bean (1983),14 Ohio App.3d 358, 361. Unless a statute specifically provides for the reopening of a property division order or the decree provides for continuing jurisdiction, a trial court is without jurisdiction to modify the final divorce decree. Id. at 361-62.
 {¶ 26} Appellant's request for life insurance is directly related to the property division of Appellee's pension benefits. Appellant is asking the trial court to impose a life insurance policy in place of the survivorship rights in Appellee's pension benefits. The 1999 Divorce Decree clearly divided each party's pension benefits. However, the Divorce Decree does not contain a provision requiring Appellee to provide life insurance benefits for Appellant. The parties clearly did not bargain for life insurance that would benefit one another. The only provision regarding life insurance in the Divorce Decree required Appellee to maintain $30,000 of life insurance for the benefit of their children until such time as his child support obligation terminated. There are no statutes permitting the trial court to modify the Divorce Decree to order life insurance benefits in lieu of pension benefits. Accordingly, the trial court is without jurisdiction to issue a subsequent order modifying the parties' Divorce Decree to require Appellee to obtain life insurance in place of the survivorship benefit.
 {¶ 27} Appellant's second assignment of error is overruled.
 III. {¶ 28} Appellant's assignments of error are overruled. The judgment of Summit County Court of Common Pleas, Domestic Relations Division is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
EDNA J. BOYLE FOR THE COURT
SLABY, P. J. CARR, J. CONCUR
[1] R.C. 3307.60 has been amended numerous times since its enactment. We will apply the reversion of R.C. 3307.60 (S.B. No. 190, 124 Ohio Laws 149) that was in effect at the time of Appellee's retirement in August 2002.