[Cite as *Plymale v. Plymale*, 2025-Ohio-911.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

SALLY ANN PLYMALE,                              :

                         Plaintiff-Appellant,      :      Case No.  23CA13

                         v.                                      :

SANDRA PLYMALE,                            :      DECISION AND
                                    JUDGMENT ENTRY

                         Defendant-Appellee.       :

_____

APPEARANCES:

Joseph D. Kirby, Jackson, Ohio, for appellant.

Stephen K. Sesser and Jordan T. Benson, Chillicothe, Ohio, for appellee.
_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-12-25
ABELE, J.

{¶1}   This is an appeal from a Jackson County Common Pleas Court summary judgment entered in favor of Sandra Plymale, defendant below and appellee herein.  Sally Ann Plymale, plaintiff below and appellant herein, assigns the following errors for review:

> "THE TRIAL COURT ERRED BY FINDING THAT R.C. 145.43, AS IT RELATES ONLY TO LIMITATIONS ON OPERS, PREVENTED THE COURT FROM RECOGNIZING THAT A CONSTRUCTIVE TRUST WAS CREATED A BY [SIC] THE OPERATION OF LAW AND THAT THE IMPOSITION OF THE CONSTRUCTIVE TRUST IS

REQUIRED TO DIRECT SURVIVOR BENEFITS TO
APPELLANT BY APPELLEE."

{¶2} Appellant is the former spouse of Robert Duane Plymale, who died in 2021. At the time of his death, Plymale was married to appellee. Plymale had been a member of the Ohio Public Employees Retirement System (PERS), and upon his death, appellee, as the surviving spouse, received survivor benefits.

{¶3} Appellant subsequently filed a complaint against appellee and sought to recover a portion of the survivor benefits. Appellant alleged that in 1991, she and Plymale entered into a separation agreement and dissolution decree that required Plymale to designate her a 25 percent beneficiary of his PERS survivor benefits. Appellant asserted that the parties' separation agreement and dissolution decree ordered the division of PERS benefits as follows:

> The parties hereto are aware of the pension and retirement benefits available to Robert Duane Plymale and the disparity between such benefits and the lack of retirement benefits available to Sally Ann Plymale and hereby agree that at the time Robert Duane Plymale commences receipt of such benefits, Sally Ann Plymale shall be deemed the vested owner of twenty-five percent (25%) of such benefits and shall be paid a sum equal to such percentage by direct assignment. . . . Robert Duane Plymale will continue to maintain the beneficiary designations for such benefits in favor of Sally Ann Plymale.

{¶4} Appellant claimed that appellee "is receiving monies

directly from [PERS] which rightfully belong to" appellant. Appellant sought the imposition of a constructive trust and asked that appellee pay appellant 25 percent "of all benefits received since" Plymale's death. Appellant also (1) asserted claims for unjust enrichment and conversion, and (2) sought an injunction.

{¶5} On January 27, 2023, appellee filed a summary judgment motion and argued that appellant and Plymale's division of property order entered in the divorce case stated that appellant's "right to receive an amount from the benefit payment or lump sum payment to [Plymale] shall terminate upon" Plymale's death. Appellee asserted that Plymale's OPERS benefits ended upon his death and that appellant does not have any right to survivor benefits.

{¶6} In response, appellant filed a combined memorandum contra to appellee's summary judgment motion and a summary judgment motion. Appellant contended that the parties' divorce decree required Plymale to "continue to maintain the beneficiary designations for [PERS] benefits in favor of [appellant]." Appellant claimed that the divorce decree thus required Plymale to designate her a 25 percent beneficiary of the PERS survivor

benefits. She alleged that, because Plymale failed to do so, the court should impose a constructive trust and order appellee to pay appellant 25 percent of the PERS survivor benefits. Appellant further asserted that appellee is being unjustly enriched by receiving appellant's 25 percent share of survivor benefits and has converted her 25 percent property interest in Plymale's PERS survivor benefits.

{¶7} Appellee countered that as the surviving spouse, she is statutorily entitled to Plymale's PERS survivor benefits. Appellee argued that the court cannot circumvent the statutory scheme by imposing a constructive trust.

{¶8} On May 4, 2023, the trial court entered summary judgment in appellee's favor. The court determined that "the language in the dissolution decree is not sufficient as a matter of law to create a designation that [appellant] was the beneficiary of the survivor benefit." This appeal followed.

{¶9} In her sole assignment of error, appellant asserts that the trial court erred by entering summary judgment in appellee's favor. In particular, appellant contends that the trial court incorrectly determined that it could not impose a constructive trust over the benefits paid to appellee.

Appellant contends that the decree required Plymale to "continue to maintain the beneficiary designations for [PERS] benefits in favor of [appellant]," and because Plymale did not do so, the court has the authority to impose a constructive trust over his survivor benefits.

**{¶10}** Appellee asserts that she has a statutory right to Plymale's survivor benefits that overrides any language in the divorce decree regarding Plymale continuing to maintain appellant as the beneficiary. Appellee thus argues that appellant is not entitled to any of the survivor benefits or a constructive trust.

A

**{¶11}** Initially, we observe that appellate courts conduct a de novo review of trial court summary judgment decisions. *E.g., Tera, L.L.C. v. Rice Drilling D, L.L.C.*, 2024-Ohio-1945, ¶ 10, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Accordingly, an appellate court need not defer to a trial court's decision, but instead must independently review the record to determine if summary judgment is appropriate. *Grafton*, 77 Ohio St.3d at 105.

6

{¶12} Civ.R. 56(C) provides in relevant part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶13} Therefore, pursuant to Civ.R. 56 a trial court may not award summary judgment unless the evidence demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) after viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. *E.g., State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, 2021-Ohio-1241, ¶ 8; *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

B

{¶14} In the case at bar, the parties dispute a question of

7

law:  Whether Ohio law permits a trial court to impose a constructive trust over survivor benefits paid to a surviving spouse of a deceased member of PERS as a result of a provision in a divorce decree between the deceased member and a former spouse that required the deceased member to "maintain the beneficiary designations for [PERS] benefits in favor of" the former spouse.

{¶15} This court previously held that parties cannot use divorce proceedings to "circumvent the statutory provisions for the distribution of death benefits from public pensions." *Schrader v. Schrader*, 2004-Ohio-4104, ¶ 28 (4th Dist.).  In *Schrader*, the parties' divorce decree required the husband to designate his former wife as a beneficiary of his PERS account in the amount of $58,000.  The decree also "specified that in the event he failed to do so, [the former wife] would have a claim against his estate in that amount."  *Id.* at ¶ 9.  The husband remarried and did not designate his former wife as a beneficiary of his PERS account in the amount of $58,000.

{¶16} After the husband's death, the former wife filed a complaint against the new wife and sought to recover the

$58,000.  The new wife later requested summary judgment and

argued, in part, that the former wife could not recover any

amount based upon *Cosby v. Cosby*, 2002-Ohio-4170, ¶ 19 (holding

that a trial court cannot circumvent the statutory scheme

regarding a surviving spouse's right to survivor benefits by

imposing a constructive trust over a portion of a surviving

spouse's benefits for the benefit of a former spouse).  The

trial court agreed and entered summary judgment in the new

wife's favor.

{¶17} The former wife appealed and argued that *Cosby* did not

apply because the parties' divorce decree created a third-party

contract with the former wife as the beneficiary.  We did not

agree and found *Cosby* dispositive.  We explained:

> The facts in *Cosby* are strikingly similar to the
> facts in this case.  A husband and wife divorced in
> 1989 and the terms of the decree stated that the ex-
> wife was to receive forty percent (40%) of her ex-
> husband's retirement monies from State Teacher's
> Retirement System (STRS).  The husband remarried and
> died before retirement.  His second wife collected the
> statutory death benefit under STRS and the first wife
> brought suit and claimed that her ex-husband's widow
> was unjustly enriched by collecting the entire death
> benefit.  Consequently, the first wife asked that a
> constructive trust be imposed for forty percent (40%)
> of the STRS benefit.  The trial court ruled in favor
> of the widow.  The court of appeals, however, reversed

9

the trial court's judgment and found that the STRS death benefit was marital property divided under state law and that the deceased could not give to his new wife what had already been awarded to his ex-wife. *Id.* at ¶¶ 2-7, 773 N.E.2d 516.

The Ohio Supreme Court reversed the court of appeals and held that the divorce decree only affected retirement benefits. Because the decedent did not retire before he died, those benefits did not vest. His widow was, instead, receiving a death benefit payable to her by statute and . . . courts may not impose a constructive trust that would distribute that benefit contrary to statute. *Id.* at ¶¶ 15-19, 773 N.E.2d 516. Although *Cosby* involved STRS, whereas the case sub judice involves PERS, we see no reason why the same principles would not apply here.

*Id.* at ¶ 20-21.

**{¶18}** We further rejected the former wife's contractual arguments and stated that "nothing in the *Cosby* case . . . prevent[ed] its application" simply because the parties' divorce decree included a provision that required one party to designate the other party the beneficiary of PERS benefits. We stated: "The gist of the holding in *Cosby* is that divorce proceedings could not circumvent the statutory provisions for the distribution of death benefits from public pensions. That statement of public policy is the same regardless of the particular wording of the divorce decree." *Id.* at ¶ 28. We thus affirmed the trial court's judgment.

**{¶19}** A few years later, the Second District Court of

Appeals considered a related issue that involved survivor benefits under STRS. *Fischbach v. Mercuri*, 2009-Ohio-4790 (2d Dist.). In that case, the parties' separation agreement outlined multiple scenarios regarding the husband's STRS benefits:

> 13. Division of Husband's State Teacher Retirement Benefits.
> The parties acknowledge that the Husband currently has vested retirement benefits in the State Teacher's Retirement System. Further, the parties acknowledge that due to the applicable provisions of the Ohio Revised Code, that the parties are unable to divide the Husband's State Teachers Retirement Benefits pursuant to an appropriate Qualified Domestic Relations Order or another appropriate Court Order. Further, the parties acknowledge that as of June 30, 1997, the Husband is entitled to receive a monthly benefit from the State Teacher's Retirement System in the amount of Three Thousand Five Hundred Thirty-Five Dollars ($3,535.00). The Wife shall be entitled to receive from the Husband's benefits from the State Teachers Retirement System the amount of $1,767 per month of the Husband's monthly benefits when he retires and begins receiving his benefits. In the event that the Husband goes on disability, the Court shall retain jurisdiction to allow the Wife to make a claim. Further, if upon retirement, the Husband elects to receive a lump sum distribution of his State Teachers Retirement benefits, the Wife will be entitled to receive a portion of said lump sum distribution. The Wife's portion of said lump sum distribution shall be determined by dividing the number of years of the parties' marriage by the number of years of the Husband's participation in the State Teachers Retirement system. The resulting percentage would then be divided in half, with the result being the Wife's share of any lump sum distribution received by the Husband from his State Teachers Retirement system.

The Husband shall pay said amount, whether the monthly amount or the lump sum amount, directly to the Wife. Still further, if for any reason the State Teachers Retirement will not honor the Deduction Order concerning the Wife's share of the Husband's retirement benefit, then the Husband will pay directly to the Wife the sum of $1,767.50 of monthly retirement benefits from the State Teachers Retirement system beginning with the first month he receives benefits. Still further, the Husband shall elect the survivor annuity option concerning his State Teachers Retirement benefits and he shall designate the Wife as beneficiary of said survivor annuity up to the amount of said annuity benefits. Still further, the Husband shall elect a survivor benefit which survivor benefit shall pay to the Wife the amount of either the $1,767.50 for retirement [sic] for the remainder of her life.

Still further, if in the future the Ohio law or any Federal law is amended or enacted which would permit the Husband's retirement benefits to be divided by an appropriate Qualified Domestic Relations Order, or other Court order, then the parties agree to modify this provision of their Separation Agreement to permit a Court of competent jurisdiction to issue an appropriate Qualified Domestic Relations Order, or other Court order, to permit the direct payment of the Wife's [sic] of the Husband's retirement benefits to her. Further, each party will cooperate with the other party in the preparation, execution and submission of any further appropriate Qualified Domestic Relations Order, or other Court order, in regards to the division of the Husband's retirement benefits. Still further, the parties agree that the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations, shall have continuing jurisdiction over this provision of the parties' Separation Agreement, in order to approve an appropriate Qualified Domestic Relations Order, or another Court order, if either of the two options becomes feasible for the division of the retirement benefits in the future.

*Id.* at ¶ 8-11.

{¶20} Shortly after the court finalized the parties' divorce decree, the husband filed a "designation of beneficiaries prior to service retirement" with STRS. *Id.* at ¶ 12. The husband did not, however, designate his former wife "as the primary beneficiary to receive survivor benefits in the event of his death before retirement." *Id.* Instead, he "directed STRS to apply the statutory succession of beneficiaries, which did not include ex-spouses." The husband then remarried, which "revoked the beneficiary designation on file, pursuant to R.C. 3307.562(B)." *Id.*

{¶21} The husband died before he retired. At the time, he did not have a valid beneficiary designation on file, so STRS applied the statutory succession under R.C. 3307.562(C), which designated the surviving spouse as the primary beneficiary. Consequently, the husband's new wife began receiving 100 percent of the husband's survivor benefits.

{¶22} Shortly thereafter, the former wife filed a complaint against the new wife that asked the court to impose a constructive trust over the new wife's share of the survivor benefits in accordance with the divorce decree. The parties subsequently filed summary judgment motions. The trial court

concluded that "STRS benefits are governed exclusively by statutes, which require STRS to pay survivor benefits to the individual statutorily entitled to the benefit." *Id.* at ¶ 15. The court found that the new wife was statutorily entitled to the husband's STRS benefits as the surviving spouse. The former wife appealed.

**{¶23}** On appeal, the former wife argued that the trial court incorrectly determined that it could not impose a constructive trust over benefits paid to the new wife. She asserted that "the parties to the divorce took extraordinary measures to ensure that she received her fair share of the benefits that were earned during the parties' 30-year marriage, by providing for all conceivable scenarios regarding the STRS benefits: retirement with a pension option; retirement with a 'lump sum option; disability; and death before retirement." *Id.* at ¶ 21.

**{¶24}** The *Fischbach* court noted that courts cannot impose a constructive trust directly over a member's STRS survivor benefits. The court concluded, however, that a court could impose a constructive trust over the STRS survivor benefits paid to a surviving spouse. The court explained:

> The divorcing parties in this case agreed that [the husband] would designate [his former wife] as the

beneficiary of his survivor annuity and would elect a survivor benefit that would pay [his former wife] $1,767.50 monthly for the remainder of her life. The parties also agreed that if Ohio law were subsequently amended to permit [the husband]'s retirement benefits to be divided by an appropriate QDRO or other court order, the separation agreement would be modified. And finally, the parties agreed that the trial court would retain jurisdiction over this provision in the separation agreement to approve an appropriate court order.

After the decree and separation agreement were filed, Ohio law was amended to allow courts to issue DOPOs that can divide public retirement benefits. As was noted in *Romans*[ *v. Romans*, 2006-Ohio-6554 (9th Dist.)], DOPOs are limited to retirement benefits, because the alternate payee's rights to benefits terminate under R.C. 3105.86 upon the death of the pension participant or the alternate payee, whichever occurs first. 2006-Ohio-6554, at ¶ 13. Bargained-for survivorship benefits may be received, however, not through direct payments by the public retirement fund, but through a constructive trust equitably imposed on property in the hands of a private party. *Id.* at ¶ 23.

"Prior to retirement, the participant may designate whomever he wishes as his beneficiary as there is not spousal consent required for the election of a beneficiary. R.C. 3307.562(B). This beneficiary designation is only valid prior to retirement." *Romans v. Romans*, 2006-Ohio-6554, ¶ 11. Thus, [the husband] could have designated [his former wife] as his beneficiary at any time before his death, and that designation would have been effective to establish [his former wife] as his beneficiary for survivorship benefits, because [the husband] died before retiring. And [the husband] was ordered to designate [his former wife] as his beneficiary under the divorce decree. Therefore, his failure to do so was wrongful, and [the new wife] received, and continues to receive, survivorship benefits as a result of [the husband]'s wrongful failure to have designated [his former wife] as his beneficiary. As a result, [his former wife]'s

> receipt of these benefits is the inequitable result of [the husband]'s wrongful act (or omission to act), and the imposition of a constructive trust is an appropriate equitable remedy.

*Id.* at ¶ 61-63. The court thus concluded that "the trial court erred in refusing to impose a constructive trust on funds held by" the new wife. *Id.* at ¶ 65.

{¶25} More recently, the Second District Court of Appeals distinguished *Fischbach*. *Smith v. Farmer*, 2022-Ohio-4180 (2d Dist.). In *Smith*, the former wife alleged that she was entitled to a share of her former husband's Ohio Police and Fire Pension Fund (OP&F) survivor benefits. The parties' divorce decree provided that the former wife was to receive half of the husband's "gross monthly benefits, including any increases" and further specified that the former wife would "be named the surviving spouse if the pension plan later was modified to provide for a surviving spouse benefit." *Id.* at ¶ 4. The trial court later entered a qualified domestic relations order (QDRO) but subsequently vacated it as improper. The court entered a second order directing that the former wife receive one-half of the husband's "gross monthly benefit as spousal support." *Id.* at ¶ 5. This second order "did not mention the conditional surviving spouse benefit." *Id.*

{¶26} A few years later, the husband remarried and remained married until his death 26 years later. Upon his death, the new wife received statutory survivor benefits, and the husband's "spousal support obligation to [his former wife] terminated." *Id.* at ¶ 7.

{¶27} The former wife filed a complaint against the new wife and alleged that the new wife's receipt of survivor benefits constituted unjust enrichment and conversion. She also alleged that the husband had breached their contract, i.e., the divorce decree, by failing to ensure that she was designated the surviving spouse. The former wife sought monetary damages, a constructive trust, and an injunction.

{¶28} Both parties later filed summary judgment motions. The former wife argued that the new wife "was unjustly enriched by her receipt of survivor benefits from OP&F and that [the former wife] . . . was entitled to a constructive trust, in accordance with *Fischbach* . . ." *Id.* at ¶ 10. The trial court denied the former wife's summary judgment motion and granted the new wife summary judgment. The court distinguished *Fischbach* by "stating that it 'cannot find that the [new wife]'s retaining the survivor benefits she applied for, and which OP&F granted

her, was based on misrepresentations, fraud, or deception' by [the new wife]." *Id.* at ¶ 13. The former wife appealed.

**{¶29}** On appeal, the court first rejected the argument that imposing a constructive trust required a finding of wrongful conduct such as fraud. *Id.* at ¶ 24. The court next determined that the plain language contained in R.C. Chapter 742 prevented the former wife from qualifying as a "surviving spouse."

**{¶30}** The court also distinguished its earlier *Fischbach* decision. The court explained that in *Smith*

> the recipient of statutory survivor benefits is determined solely by the statutory language. Under the plain language of R.C. 742.37(D) and R.C. 742.58, [the new wife] was entitled to those survivor benefits as the surviving spouse. Unlike the plan participant in *Fischbach*, who could have taken action to designate his former spouse as a beneficiary in accordance with the divorce decree but failed to do so, [the husband] had no ability to designate [the former wife] as his surviving spouse under R.C. 742.37(D) or R.C. 742.58. Contrary to [the former wife]'s assertion, there was no paperwork that [the husband] could have submitted to designate her as the surviving spouse for purposes of surviving spouse benefits.

*Id.* at ¶ 53.

**{¶31}** The *Smith* court found the situation

> more analogous to *Cosby*, in which the supreme court stated that it was not proper to impose a constructive trust when the trust would result in the reallocation of pension funds in a manner contrary to the statutory mandates of the public pension plan. The divorce decree

       cannot provide [the former wife] with statutory survivor benefits contrary to the mandates of R.C. 742.37(D), nor can a constructive trust be used to circumvent the fact that R.C. Chapter 742 provides statutory survivor benefits to Farmer as the surviving spouse.

*Id.* at ¶ 54.

**{¶32}** The court thus concluded that the new wife's "receipt of survivor spouse benefits from OP&F is not inequitable as a matter of law" and that the former wife did not have any "claim over those funds." *Id.* at ¶ 55. The court thus affirmed the trial court's judgment.

**{¶33}** In the case sub judice, we believe that *Schrader* and *Smith* control the outcome. Appellee, as the surviving spouse, is statutorily entitled to receive Plymale's PERS survivor benefits. *See, e.g.*, R.C. 145.43(D)(1); R.C. 145.45(A)(1). As we did in *Schrader*, unfortunately we must agree with the trial court's conclusion and reject appellant's request to impose a constructive trust that would be contrary to the statutory scheme. We reiterate that "nothing in the *Cosby* case . . . prevent[ed] its application" simply because the parties' divorce decree included a provision that required one party to designate the other party the beneficiary of PERS benefits. As we stated in *Schrader*, "The gist of the holding in *Cosby* is that divorce

proceedings could not circumvent the statutory provisions for the distribution of death benefits from public pensions. That statement of public policy is the same regardless of the particular wording of the divorce decree." *Id.* at ¶ 28.

**{¶34}** Additionally, as we observed in *Schrader*, "we are not unsympathetic to appellant's plight." We further note that the evidence indicates that appellant received her 25 percent share of Plymale's retirement benefits paid during his lifetime. Appellee submitted an affidavit attesting that Plymale received 75 percent of his retirement benefits and that she reasonably believed appellant received her 25 percent share. Appellant did not submit any evidence to the contrary. Thus, although appellant may not be entitled to a constructive trust over 25 percent of the survivor benefits, she did receive 25 percent of the retirement benefits paid during Plymale's lifetime. Any inequity that remains is for the General Assembly, not this court, to resolve.

**{¶35}** Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the appeal be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.