OPINION
{¶ 1} Appellant, Patricia Dayton, and Danny Dayton were married on October 25, 1986. On January 17, 2001, the parties were divorced. Said decree incorporated the parties' separation agreement. Pursuant to the agreement, appellant was entitled to one-half of Danny's pension benefits.
 {¶ 2} Danny married appellee, Sharon Wayt, on March 31, 2001. Danny passed away on December 24, 2001, before retirement.
 {¶ 3} On December 18, 2003, appellant filed a motion "to assist in effectuating the Court's order of January 17, 2001" wherein appellant was awarded a portion of Danny's pension benefits as a Qualified Domestic Relations Order had not been completed prior to Danny's death. The applicability of a constructive trust over Danny's pension benefits was addressed by the parties. A hearing before a magistrate was held on September 23, 2004. By decision filed November 9, 2004, the magistrate denied the establishment of a constructive trust based upon the authority of Cosby v. Cosby, 96 Ohio St.3d 228, 2002-Ohio-4170, and dismissed the motion.
 {¶ 4} Appellant filed objections. By judgment entry filed November 30, 2004, the trial court overruled the objections and approved and adopted the magistrate's decision.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court committed error by refusing to establish a constructive trust in order to enforce its order concerning the distribution of pension benefits."
 I {¶ 7} Appellant claims the trial court erred in not establishing a constructive trust on Danny's pension benefits. We agree.
 {¶ 8} A constructive trust is an equitable remedy which may be imposed "`[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest.'" Ferguson v. Owen (1984), 9 Ohio St.3d 223, 225, quotingBeatty v. Guggenheim Exploration Co. (1919), 225 N.Y. 380, 386.
 {¶ 9} Appellant argues the trial court improperly relied on the Supreme Court of Ohio's decision in Cosby, supra, as said decision is limited solely to the syllabus law and does not impact the right to establish a constructive trust sub judice.
 {¶ 10} The Cosby case involved a former wife, Faye, seeking a constructive trust over STRS survivor benefits going to the surviving spouse, Bonnie. The divorce decree between Faye and her ex-husband provided for Faye to receive a portion of her ex-husband's "retirement benefits" upon his retirement. Because the ex-husband died before he retired, Faye did not receive her portion of the retirement benefits as the benefits changed to survivor benefits going to Bonnie. The Cosby
court at 232 reasoned because the divorce decree awarded only retirement benefits to Faye, survivor benefits were not subject to a constructive trust under the unambiguous language of the divorce decree and the statutory authority governing the ex-husband's STRS benefits.
 {¶ 11} Per the separation agreement sub judice, appellant was entitled "to one-half the benefit of the Husband's pension as received during the marriage," the amount "subject to equitable distribution is approximately $29,007.75 from the Bargaining Unit Pension Plan." Upon Danny's death, appellee received survivor benefits. During the September 23, 2004 hearing, it was stipulated that Danny was working at the time of his death and was not retired, and the present benefits were survivor benefits. T. at 10, 12.
 {¶ 12} Because appellant was entitled to receive "one-half the benefit" of Danny's pension as opposed to "retirement benefits," we find the Cosby decision is not controlling in this case.
 {¶ 13} Clearly, the contractual obligation of the separation agreement/divorce decree and the disparity of appellant's fourteen year marriage versus appellee's nine month marriage fall within the parameters of an equitable remedy. Therefore, we conclude the trial court erred in denying the request to establish a constructive trust on Danny's pension benefits.
 {¶ 14} As argued by appellee, a two year delay in requesting the remedy is tantamount to laches. Therefore, we find any imposition of the constructive trust is prospective in division.
 {¶ 15} The sole assignment of error is granted.
 {¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations division is hereby reversed and remanded.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.