OPINION
{¶ 1} Defendant William J. Johnston appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which found him in contempt of court for failure to abide by the judgment decree of divorce entered April 24, 1998. Plaintiff-appellee is Beverlee A. Leslie, fka Johnston, appellant's first wife. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED BY JOINING THE APPELLANT'S CURRENT SPOUSE AS A PARTY TO THE CASE AND BY IMPOSING A CONSTRUCTIVE TRUST UPON HER OPERS SURVIVOR BENEFITS IN FAVOR OF A FORMER SPOUSE WHO CLAIMS ENTITLEMENT BASED ON AN AWARD OF RETIREMENT BENEFITS IN A DIVORCE DECREE.
 {¶ 3} "II. THE TRIAL COURT ERRED IN DETERMINING THE PROPER AMOUNT THAT THE APPELLEE SHOULD RECEIVE FROM THE APPELLANT'S OPERS BENEFITS AND FROM HIS LIFE INSURANCE POLICIES.
 {¶ 4} "THE TRIAL COURT ERRED BY SUBSTANTIALLY MODIFYING THE PARTIES' PROPERTY DIVISION, EIGHT YEARS AFTER THEIR DIVORCE DECREE HAD BEEN FINALIZED, WHEN THERE WAS NO RESERVATION OF JURISDICTION IN THE DECREE."
 {¶ 5} The record indicates the parties were married nearly sixteen years and produced one child. The parties terminated their marriage with an agreed judgment entry and decree of divorce on April 24, 1998. Appellant had been employed by the Ohio Industrial Commission as a staff hearing officer, and the majority of his pension in the Public Employees Retirement System (PERS) was earned during the marriage. *Page 3 
 {¶ 6} The agreed judgment of divorce which both parties signed provided:
 {¶ 7} "The parties agree that defendant William J. Johnston shall designate plaintiff Beverlee A. Johnston the irrevocable and sole beneficiary of his PERS preretirement survivor benefits which will be paid if defendant William J. Johnston dies prior to retiring. Defendant William J. Johnston shall complete and submit the required PERS form to specifically designate plaintiff Beverlee A. Johnston as the irrevocable and sole beneficiary of his pre-retirement PERS survivor benefits within seven (7) days of the effective date of this divorce. Defendant William J. Johnston shall immediately provide plaintiff Beverlee A. Johnston documentation from PERS that the required designation form was filed with PERS. If defendant William J. Johnston gets remarried prior to his retirement, then within seven (7) days of any and all remarriages he shall complete and submit a new PERS form to PERS to specifically designate plaintiff Beverlee A. Johnston the irrevocable and sole beneficiary of his pre-retirement PERS benefits, notwithstanding his remarriage. Defendant William J. Johnston shall immediately provide plaintiff Beverlee A. Johnston documentation from PERS that a new designation form was filed with PERS.
 {¶ 8} "When defendant William J. Johnston retires from his employment with the State of Ohio, if he elects to receive a lump sum pay out from PERS, then he shall immediately pay plaintiff Beverlee A. Johnston thirty-five percent (35%) of the gross payment upon his receipt of the funds. Each party shall be responsible for the tax liability for the amount each receives from the lump sum. Plaintiff Beverlee A. Johnston shall pay defendant William J. Johnston her share of the tax liability directly to him in a single lump sum payment. *Page 4 
 {¶ 9} "If defendant William J. Johnston retires and elects to receive monthly retirement benefits, plaintiff Beverlee A. Johnston shall not receive a portion of the monthly benefits during his lifetime. However, when applying for his retirement benefits, defendant William J. Johnston shall elect to choose "Plan C" under the current payment plan options available to retirees from PERS, and shall designate plaintiff Beverlee A. Johnston as the irrevocable and sole beneficiary of his retirement benefits after his death. Defendant William J. Johnston shall elect for plaintiff Beverlee A. Johnston to receive fifty percent (50%) of his monthly benefit after his death, for her lifetime.
 {¶ 10} "If plaintiff Beverlee A. Johnston predeceases defendant William J. Johnston, then his PERS benefits shall revert to a single life plan (Plan B). Plaintiff Beverlee A. Johnston's designation as beneficiary under "Plan C" shall not be affected by any subsequent remarriage(s) by defendant William J. Johnston. If required by PERS, within seven (7) days of any remarriage, defendant William J. Johnston shall reelect to designate plaintiff Beverlee A. Johnston as sole and irrevocable beneficiary under "Plan C" as outlined above. Defendant William J. Johnston shall immediately provide plaintiff Beverlee A. Johnston with documentation that he has filed any required reelection forms." Judgment Entry of April 24, 1998, pp. 6-7.
 {¶ 11} The record indicates appellant complied with his immediate obligations under the divorce decree, and designated appellee as the irrevocable and sole beneficiary of his PERS survivor benefits should he die before retiring.
 {¶ 12} Appellant married his present wife in August of 2002, and retired on January 31, 2004. Appellant testified prior to his retirement he spoke on two separate occasions with representatives of PERS. At some point, he made an election as to how *Page 5 
he would receive his pension benefits, and he selected Plan C. Plan C allows a retiree to receive a payment during the retiree's lifetime and to provide for a specified percentage of the pension amount paid to the retiree's survivor for his or her lifetime. Pursuant to the divorce decree appellant was required to name appellee as 50% beneficiary. Instead, appellant named his present wife Rosa as his survivor, and provided her with 10% survivor benefits. Appellant testified his main intent was to provide Rosa with health insurance coverage for her lifetime if she survived him.
 {¶ 13} When asked why he named Rosa his survivor instead of appellee, appellant testified he simply forgot, given the length of time since the divorce and the lack of contact he had had with appellee.
 {¶ 14} PERS permits a retiree to take a lump sum payout at the time of retirement. Appellant chose to take a partial lump sum, and apparently did not forget pay to appellee 35% of the lump sum pursuant to the divorce decree.
 {¶ 15} Appellee testified at the hearing. She testified at the time of her divorce, she agreed to take a survivor benefit because she felt it was fairest way for her to received her share of the marital property. In this way, appellant would have his full pension while he was alive, and appellee's survivor benefit would be her retirement plan so she did not have live on Social Security alone. Appellee testified had appellant named her as his survivor, she would have had health insurance for life. Tr. at 41-43.
 {¶ 16} After finding appellant in contempt of court, the court created a constructive trust over appellant's PERS account.
 {¶ 17} The record indicates appellant receives $2,950 net from PERS. This amount is based in part on Rosa's survivorship benefits. According to calculations from *Page 6 
PERS, if appellant had completed the paper work as he should have and named appellee his survivor at 50%, he would be receiving approximately $2,000 per month.
 {¶ 18} Ohio law permits PERS to modify existing benefits to effect a division of property. The trial court ordered appellant to execute a Division of Property Order directing PERS to pay appellee $850 per month. The trial court also ordered appellant to designate appellee as beneficiary of his life insurance policies totaling $17,000, and to take no action or inaction which would diminish the value of the policies. The trial court ordered the $850 per month and the proceeds of the life insurance policies to be used to establish an annuity for appellee.
 {¶ 19} The court further found if both appellee and Rosa survive appellant, Rosa will receive the survivorship benefits which should rightfully be paid to appellee. The court joined Rosa to the action, and ordered her to pay $1,033 per month to appellee in the event both women survive appellant. The record indicates at appellant's current rate, Rosa would receive approximately $300 in survivor benefits, that is, 10% of appellant's retirement.
 {¶ 20} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. State ex rel. Celebrezze v.Gibbs (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable, Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 I. {¶ 21} In his first assignment of error, appellant argues the trial court erred by joining the appellant's current spouse as a party in order to impose a constructive trust *Page 7 
on her PERS survivor benefits. Appellant challenges the court's joinder of Rosa to the action, arguing she was not given notice of any proceedings or afforded an opportunity to respond. Further, appellant argues the court could not add Rosa to the divorce action at the present time because the divorce was final in 1998.
 {¶ 22} Civ. R. 75 provides in pertinent part:
 {¶ 23} "(B) Joinder of parties
 {¶ 24} * * *
 {¶ 25} (1) A person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant".
 {¶ 26} The word "may" is construed to be discretionary. Therefore, joinder of parties under the Rule is entrusted to the sound discretion of the trial court, Stone v. Stone (1983), 9 Ohio App. 3d 6. We find the court did not abuse its discretion in joining Rosa to the action because she claims an interest in the marital property at issue.
 {¶ 27} Further, we find appellant does not have standing to challenge the joinder based on failure of service or other procedural grounds. Rosa could challenge her joinder on this basis, but she is not a party to this appeal, and did not file a separate appeal.
 {¶ 28} Finally, appellant argues the trial court did not have jurisdiction to impose a constructive trust over the PERS account, because PERS is creature of statute and can only act within its statutory mandate, Cosby v. Cosby, 96 Ohio St. 3d 228, 2002-Ohio-4170, 773 N.E. 2d. 516. *Page 8 
 {¶ 29} In Cosby, the divorce decree provided for decendant's ex-wife Faye to receive a portion of her ex-husband's STRS retirement benefits upon his retirement. The decedent died before he retired, and thus STRS never paid any retirement benefits. The Court found retirement benefits are different from survivor benefits and Faye had no claim on the survivor benefits. Thus there was no res upon which the court could impose a constructive trust.
 {¶ 30} In Dayton v. Dayton, Stark App. 2004CA00388, 2005-Ohio-2722, this court discussed Cosby as it impacted upon a case quite similar to the case at bar. In Dayton, the terms of the separation agreement between Patricia and Danny provided Patricia would share in Danny's retirement benefits. Danny died before he could retire, and his second wife received the survivor benefits. We found a constructive trust is an equitable remedy which may be imposed when property has been acquired "in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest," Dayton at paragraph 8, citations deleted. This court permitted a constructive trust over the pension benefits because Patricia's claim was for "retirement benefits" which would include both retirement and survivorship payments.Dayton at 12. Thus unlike Cosby some of the benefits Patricia claimed survived Danny's premature death.
 {¶ 31} We find the instant case more like Dayton and clearly distinguishable from Cosby in that here, the benefits in which appellee has an equitable interest may yet be paid if Rosa survives appellant.
 {¶ 32} The parties agree PERS is governed by the Ohio Revised Code, and it is not permitted to change an election after the retirement date unless certain specific *Page 9 
conditions are met. This only means the court cannot issue an order to PERS to change the designation of Rosa as appellant's survivor, and cannot order PERS to pay benefits to appellee. The trial court may impose a constructive trust over any benefits PERS actually pays to Rosa and may order her to turn the benefits over to appellee.
 {¶ 33} The first assignment of error is overruled.
 III. {¶ 34} In his third assignment of error, appellant argues the trial court did not reserve jurisdiction to modify the terms of the parties' agreed divorce decree. While appellant is correct the trial court did not have jurisdiction to modify the divorce decree, we find the court did not attempt to change the original property division.
 {¶ 35} A show cause motion invokes the court's continuing jurisdiction to enforce its prior orders, see Civ.R. 75(J). Having found appellant in contempt, the court could enter orders designed to enforce the original property division, see II infra.
 {¶ 36} The third assignment of error is overruled.
 II. {¶ 37} In his second assignment of error, appellant argues the trial court erred in determining the proper amount appellee should receive from appellant's PERS benefits. We agree, but not for the reasons appellant urges.
 {¶ 38} We agree with the trial court appellant was in contempt of the court. The trial court was required to punish appellant, the wrongdoer here. The trial court was also required to tailor an order placing appellee in as close a position as possible as she would have rightfully been had appellant complied with the divorce decree. *Page 10 
 {¶ 39} Our review of the transcript indicates at least some of the information the court used was obtained from PERS, but the actual figures were not submitted as evidence and are not in the record for this court to review. It appears if PERS pays over $850 per month to appellee, appellant will receive approximately what he would have received had he complied with the divorce decree. In other words, appellant forfeits nothing for his wrongdoing. The order does not punish appellant, and it may not result in appellee receiving what is rightfully hers. If both appellee and Rosa survive appellant, Rosa must pay appellee over $1,000 per month although she will actually receive far less from PERS. Thus, the trial court's order will punish Rosa if she and appellee both survive appellant. The survivor benefits will cease when Rosa dies, and if appellee is still alive she will receive nothing further. The court's order also does not take into account the health insurance benefit, which as a practical matter in today's world may be quite valuable.
 {¶ 40} We find the court's order is an abuse of discretion, because it does not punish appellant or restore appellee's share of the marital benefits. The trial court did not receive evidence from which it could address either goal. On remand, the trial court should first determine the extent of appellee's damages, which are the survivor benefits she should have received times the number of months she would be expected to survive appellant. The court should determine the cost of establishing an annuity for appellee. The court should offset the value of appellant's life insurance policies, after determining appellant has made appellee the beneficiary.
 {¶ 41} Because appellant is the contemnor, the burden of paying appellee's damages should fall primarily on him, rather than on Rosa. The payments may be *Page 11 
provided as far as possible through a Division of Property Order to PERS, but the court also may order appellant to make an additional monthly payment. Equity requires that Rosa cannot be ordered to pay appellee more than she receives from PERS.
 {¶ 42} The second assignment of error is sustained.
 {¶ 43} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is vacated and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is vacated and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellant. *Page 1